Matyastik v. State 















IN THE
TENTH COURT OF APPEALS
 

No. 10-92-006-CR

Â Â Â Â Â WILLIAM ELLIS MATYASTIK,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellant
Â Â Â Â Â v.

Â Â Â Â Â THE STATE OF TEXAS,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellee
 

From the County Court at Law No. 2
McLennan County, Texas
Trial Court # 903936 CR2
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

O P I N I O N
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â Â Â Â Â Â William Ellis Matyastik was convicted by the municipal court of the city of Waco of violating
a city ordinance. On appeal to the County Court at Law, he was convicted by a jury. The jury's
verdict, the judgment, and the sentence uniformly assessed Matyastik a fine of $100. He appeals
on seven points, including six complaining of the court's denial of his motion for a new trial and
one alleging that the evidence was insufficient to sustain the conviction. The State has filed a
motion to dismiss the appeal for want of jurisdiction.
Â Â Â Â Â Â Article 4.03 of the Code of Criminal Procedure states:
The Courts of Appeals shall have appellate jurisdiction coextensive with the limits of their
respective districts in all criminal cases except those in which the death penalty has been
assessed. This Article shall not be so construed as to embrace any case which has been
appealed from any inferior court to the county court, the county criminal court, or county
court at law, in which the fine imposed by the county court, the county criminal court or
county court at law does not exceed one hundred dollars, unless the sole issue is the
constitutionality of the statute or ordinance on which the conviction is based.

Tex. Code Crim. Proc. Ann. art 4.03 (Vernon Supp. 1992).
Â Â Â Â Â Â Review by this court is not available. The fine assessed by the court did not exceed $100, and
Matyastik does not assert that the ordinance on which his conviction is based is unconstitutional. 
Thus, we have no jurisdiction. See id.; Lopez v. State, 649 S.W.2d 165, 166 (Tex. App.âEl Paso
1983, no pet.).
Â Â Â Â Â Â The State's motion to dismiss the appeal for want of jurisdiction is granted, and the appeal is
dismissed.
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â BILL VANCE
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice

Before Chief Justice Thomas,
Â Â Â Â Â Â Â Â Â Â Justice Cummings, and
Â Â Â Â Â Â Â Â Â Â Justice Vance
Dismissed
Opinion delivered and filed June 10, 1992
Do not publish



nt-family:"CG Times";text-transform:uppercase;
letter-spacing:2.0pt'>



Â 








   Relators
seek a writ of mandamus from this Court directing Respondents to vacate a
show-cause order issued in connection with a contempt motion filed by Walter G.
Mize and alleging that Relators had failed to comply with a temporary
injunction which this Court dissolved in an interlocutory appeal.Â  Because the appeal of the temporary
injunction is now pending in the Supreme Court, the trial court has no
jurisdiction to enforce the order.Â  Thus,
we will conditionally grant the writ.

Â Â Â Â Â Â Â Â Â  The
Honorable D. Wayne Bridewell, Judge of the 249th District Court
 of Johnson
 County, granted MizeÂs request for a temporary
injunction in the underlying proceeding.Â 
Relators perfected an interlocutory appeal to this Court.Â  In a memorandum opinion, we reversed the order
granting the temporary injunction, dissolved the injunction, and remanded the
cause to the trial court with instructions to dismiss MizeÂs claims for want of
jurisdiction.Â  First Sav. Bank, FSB v. United Heritage Corp., No. 10-03-00118-CV,
slip op. at 6, 2004 Tex. App. LEXIS 4345, at *7-8 (Tex. App.ÂWaco May
12, 2004, pet. filed) (mem. op.).

Â Â Â Â Â Â Â Â Â  Mize
filed a petition for review in the Supreme Court, which remains pending.Â  Mize then filed the contempt motion in the
trial court, complaining that Relators have failed to comply with the temporary
injunction.Â  On the same date, the
Honorable William C. Bosworth, Jr., Judge of the 413th District Court
 of Johnson
 County, issued an order requiring Relators to appear
and show cause why they should not be held in contempt.Â  See
Tex. Gov't Code Ann. Â§ 24.303(a)
(Vernon 2004).

Â Â Â Â Â Â Â Â Â  Relators
contend that the trial court did not have jurisdiction to issue the show-cause
order because of the pendency of the appeal.

Â Â Â Â Â Â Â Â Â  For
appealable orders in the nature of an injunction, in which the validity of the
order alleged to have been violated is itself in issue in the appeal, the
appellate court alone is vested with jurisdiction to enforce the injunctive
provisions by contempt.

Â 

Schultz
v. Fifth Jud. Dist. Ct. of Apps.,
810 S.W.2d 738, 740 (Tex.
1991) (orig. proceeding) (footnote omitted); In re Taylor, 39 S.W.3d 406, 409-10 (Tex. App.ÂWaco 2001,
orig. proceeding); In re Goldblatt,
38 S.W.3d 802, 804 (Tex. App.ÂFort Worth 2001, orig. proceeding).Â  Under the rationale of Schultz and its progeny, we agree with RelatorsÂ contention.

Â Â Â Â Â Â Â Â Â  Because
the trial court lacked jurisdiction to issue the show-cause order, Relators
need not show that they have no other adequate legal remedy.Â  In re
Sw. Bell Tel. Co., 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding) (per curiam); In re McGuire, 134 S.W.3d 406, 410 (Tex.
App.ÂWaco 2004, orig. proceeding).

Â Â Â Â Â Â Â Â Â  Although
Relators name as Respondents both Judge Bridewell, the elected judge of the
249th District Court, and Judge Bosworth, who sat as judge of the
249th District Court under the exchange of benches provision of the Government
Code, Judge Bridewell is the proper respondent in this case.Â  See In
re Dilley Indep. Sch. Dist., 23 S.W.3d 189, 190 n.1 (Tex. App.ÂSan Antonio
2000, orig. proceeding); Hoggard v. Snodgrass,
770 S.W.2d 577, 588 (Tex. App.ÂDallas 1989, orig. proceeding).

The trial court had no jurisdiction to enforce
the temporary injunction because of the pendency of the appeal.Â  Accordingly, we conditionally grant the requested writ of
mandamus.Â  The writ will issue if Judge
Bridewell fails to advise this Court in writing within fourteen days after the
date of this opinion that he has vacated the show-cause order.

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  FELIPE
REYNA

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Justice

Â 

Before Chief Justice Gray,

Justice Vance, and

Justice Reyna

Writ conditionally granted

Opinion delivered and filed September
 15, 2004

[OT06]