**In re Kenn GOLDBLATT, Relator.**

Nos. 2–00–401–CV, 2–00–402–CV.

Court of Appeals of Texas, Fort Worth.

Feb. 5, 2001.

Rehearing Overruled March 15, 2001.

W.T. "Skip" Leake, of Arlington, Attorney for Relator.

Cribbs & MacFarland, P.C. and Paul F. Wieneskie, of Arlington, Attorneys for Real Party in Interest.

Panel D: CAYCE, C.J.; DAY and LIVINGSTON, JJ.

## OPINION

DAY, Justice.

### I. INTRODUCTION

Relator Kenn Goldblatt has filed petitions for writs of mandamus, prohibition, and habeas corpus challenging the probate court's permanent injunction contained in the final judgment rendered on May 11, 2000, and the probate court's order holding him in contempt for pursuing a forcible entry and detainer action in the justice court in violation of the permanent injunction. Because the probate court was without jurisdiction to enter an order of contempt, we conditionally grant the petition for writ of mandamus in part and direct the probate court to vacate its October 30, 2000 order to the extent that it holds Goldblatt in contempt of court. Otherwise, we deny the petitions.

### II. FACTUAL AND PROCEDURAL BACKGROUND

On May 11, 2000, Probate Court No. 2 of Tarrant County rendered a final judgment, which, among other things, permanently enjoined Goldblatt from interfering in any way with the business property of A & W Industries, Inc., "including the leased property located at 827 Dawn Lane, Grapevine, Texas, and from pursuing further claims against A & W ... that are in any way related to the ownership or operation of A & W Industries, Inc." (hereinafter referred to as the "final judgment").

An appeal of the final judgment is currently pending before this court.

At issue in the underlying suit was whether an agreement for acquisition of assets entered into between A & W, lessee of the Dawn Lane property (hereinafter referred to as the "property"), and Wilbert of North Texas, lessor, obligated Wilbert to sell the property to A & W. The probate court ruled in the final judgment that Wilbert and Goldblatt conspired to commit fraud against A & W and to prevent A & W's purchase of the property under the acquisition agreement and ordered damages to A & W in the amount of the value of the leased premises. However, before the final judgment was rendered, the court also granted Goldblatt partial summary judgment, ruling that A & W's right to purchase the property was cut off by Goldblatt's foreclosure of the mortgage on the property. After the final judgment was rendered, on June 2, 2000, Goldblatt gave notice to A & W to vacate the property. No supersedeas bond was filed.

On June 5, Goldblatt filed a Designation and Affidavit of Business Homestead on the property in the deed records of Tarrant County. On June 22, 2000, he filed his notice of appeal of the final judgment. On June 29, he filed a bankruptcy petition and, on August 15, filed a sworn complaint for eviction in the justice court. The appeal of the judgment and the eviction suit were briefly abated during the pendency of an automatic stay resulting from the bankruptcy proceeding. The stay was lifted on September 1 by agreed motion, and we ordered the appeal reinstated on September 19. Goldblatt then informed the justice court of the lifting of the stay and reinstated the eviction suit to proceed on September 25.

On September 20, A & W filed a petition for writ of prohibition in this court to keep the justice court from proceeding in the eviction suit. We denied the petition, stating in our order that there appeared to be an adequate remedy in the probate court. A & W then filed a "Motion to Enforce

Judgment and for Contempt for Violation of Permanent Injunction" in the probate court. Goldblatt also immediately rescheduled the eviction suit for October 24, 2000. On October 30, the probate court granted A & W's motion and held Goldblatt in contempt of court, ordering him to pay $15,000 into the registry of the court by November 30 or be placed in jail; issued a writ of prohibition on the justice court, prohibiting it from going forward with the eviction suit; and enjoined Goldblatt from "engaging in any attempts to evict A & W from the property ... and from any further pursuit of claims or actions in connection with A & W['s] ... occupancy of the property." On November 17, 2000, Goldblatt filed petitions for writs of mandamus, prohibition, and habeas corpus in this court, challenging the contempt order and the permanent injunction in the probate court's final judgment. He also filed a motion for immediate emergency relief, requesting a stay of the effect of the October 30, 2000 order while the petitions were pending in this court. On November 29, 2000, this court issued a stay of that portion of the order holding Goldblatt in contempt and ordering him to pay $15,000 into the registry of the court by November 30 or be placed in jail.

### III. JURISDICTION OF THE TRIAL COURT

■ Although Goldblatt did not challenge the probate court's jurisdiction to hold him in contempt, we requested A & W to address in its response whether the trial court had jurisdiction to hold Goldblatt in contempt. A & W addressed the issue and filed a motion for contempt in this court. We will not rule on that motion at this time.

■ Mandamus will issue only if a court has clearly abused its discretion and the aggrieved party has no adequate remedy by appeal. *In re Long,* 984 S.W.2d 623, 625 (Tex.1999) (orig.proceeding); *Walker v. Packer,* 827 S.W.2d 833, 839–40 (Tex. 1992) (orig.proceeding). Contempt orders that do not involve confinement cannot be

reviewed by writ of habeas corpus, and the only possible relief is a writ of mandamus. *Long,* 984 S.W.2d at 625; *Rosser v. Squier,* 902 S.W.2d 962, 962 (Tex.1995) (orig.proceeding). Further, a writ of mandamus is available to correct an order that the trial court had no power to enter. *Urbish v. 127th Judicial Dist. Court,* 708 S.W.2d 429, 431 (Tex.1986) (orig.proceeding); *Gem Vending, Inc. v. Walker,* 918 S.W.2d 656, 658 (Tex.App.—Fort Worth 1996, orig. proceeding).

In *Schultz v. Fifth Judicial District Court of Appeals,* the Texas Supreme Court was faced with the issue of whether an appeals court or the trial court had jurisdiction to enforce the provisions of a turnover order entered by the trial court. 810 S.W.2d 738, 739–41 (Tex.1991). The supreme court determined that the turnover order in that case acted as mandatory injunction and that it was final and appealable. *Id.* at 740. The supreme court stated:

> For appealable orders in the nature of an injunction, in which the validity of the order alleged to have been violated is itself in issue in the appeal, the appellate court alone is vested with jurisdiction to enforce the injunctive provisions by contempt.... A court of appeals may exercise that jurisdiction by referring to the trial court the fact finding burden of hearing testimony and taking evidence, but the appellate court where the appeal is pending must exercise jurisdiction to actually issue the contempt judgment.... The fact that a supersedeas bond has or has not been filed does not affect the vesting of exclusive jurisdiction in the appellate court.

*Id.* at 740–41 (citations omitted). The court held that the court of appeals abused its discretion by refusing to take jurisdiction of a motion for contempt filed in its court to enforce the turnover order and that it misled the trial court into taking jurisdiction when it had none. *Id.* at 741.

As in *Schultz,* the probate court did not have jurisdiction to hold Goldblatt in con-

tempt and order him to pay $15,000 into the registry of the probate court by November 30, 2000, or be confined until he has paid the sanction.[1] Thus, because an appeal from the final judgment is pending in this court, only this court has jurisdiction to hold Goldblatt in contempt for violating the probate court's final judgment. Although A & W has filed a motion for contempt in this court, we decline to exercise our contempt power at this time.[2]

### IV. CONCLUSION

Because the trial court did not have jurisdiction to find Goldblatt in contempt, we conditionally grant Goldblatt's petition for writ of mandamus in part and direct the probate court to vacate the portion of its October 30, 2000 order holding Goldblatt in contempt of court and ordering him to pay $15,000 into the registry of the court by November 30, 2000, or be subject to confinement until the sanction is paid. We lift our stay entered on November 29, 2000, and deny the remaining portions of Goldblatt's petition for writ of mandamus and deny his petitions for writs of prohibition and habeas corpus on all grounds and affirm the remaining portions of the probate court's order. We are confident that the probate court will abide by our ruling and our writ will issue only if the probate court fails to do so.

---

1. *Schultz* did not, however, address or limit a trial court's jurisdiction to enforce by other means its final judgment that is the subject of an appeal.

2. It would be advisable for Goldblatt and his attorneys to terminate all attempts to evict A & W from the property until this court has had an opportunity to address the merits of Goldblatt's appeal challenging the final judgment. Moreover, this court will not tolerate further misrepresentations by counsel for Goldblatt. At oral argument, counsel for Goldblatt informed this court that he had advised his client not to seek eviction until after the enforceability of the permanent injunction had been determined, but he also indicated in the petition for writ of mandamus and prohibition that "[e]ach of [Goldblatt's] listed actions have been taken on advice of counsel." We remind counsel of his ethical obligations under the Texas Disciplinary Rules of Professional Conduct and his obligations as an appellate practitioner under the Standards for Appellate Conduct adopted by this court. *See* TEX. DISCIPLINARY R. PROF'L CONDUCT 3.01, 3.03, *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. Gapp. A (Vernon 1998) (TEX. STATE BAR R. art. X, § 9).