OPINION HEADING PER CUR 






                     NO. 12-03-00344-CV
 
IN THE COURT OF APPEALS
 
TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS

TOM CLAYTON, M.D., A/K/A
CHARLES T. CLAYTON, M.D. A/K/A             §     APPEAL FROM THE 145TH
THOMAS M. CLAYTON,
APPELLANT

V.                                                                         §     JUDICIAL DISTRICT COURT OF


SUSAN WISENER,                                            §     NACOGDOCHES COUNTY, TEXAS 
APPELLEE




OPINION
            The trial court granted Susan Wisener’s application for a turnover order to aid in the
enforcement of a judgment entered against Tom Clayton, M.D. In six issues, Dr. Clayton appeals
this turnover order. We reverse the trial court’s turnover order and vacate the order in its entirety.
Background
            Wisener recovered a judgment against Dr. Clayton for $91,488.00 in actual damages and
$200,000.00 in exemplary damages. Wisener subsequently filed a motion for a turnover order to aid
her in the collection of the judgment from Dr. Clayton. See Tex. Civ. Prac. & Rem. Code Ann.
§ 31.002 (Vernon Supp. 2004-05). In this motion, she listed assets owned by Dr. Clayton that she
believed to be nonexempt from attachment, execution, or seizure. Dr. Clayton argued that all of his
assets were exempt property. As part of his response to Wisener’s motion, he filed his verified
responses to Wisener’s post-judgment interrogatories and an affidavit stating that all of his assets
were exempt property. At the hearing on her turnover motion, Wisener presented argument to the
court as to why her motion should be granted but presented no evidence in support of the motion. 
The court then entered a turnover order against Dr. Clayton that listed the assets Wisener claimed
were nonexempt. This appeal followed.
 
Did The Trial Court Abuse Its Discretion By Entering The Order?
            In his first three issues, Dr. Clayton contends that the trial court abused its discretion by
entering the turnover order without any evidence in the record supporting the finding that Dr.
Clayton had any nonexempt property. We agree. 
Standard of Review
            The issuance of a turnover order is reviewed under an abuse of discretion standard. 
Beaumont Bank, N.A. v. Buller, 806 S.W.2d 223, 226 (Tex. 1991). A trial court may be reversed
for abusing its discretion only when the court of appeals finds the court acted in an unreasonable or
arbitrary manner or that it acted without reference to any guiding rules and principles. Id. Whether 
there is evidence to support the turnover order is a relevant consideration in determining if the trial
court abused its discretionary authority in issuing the order. Id. A trial court abuses its discretion
by entering a turnover order if there is no evidence of a substantive and probative character that
supports the trial court’s decision. Burns v. Miller, Hiersche, Martens & Hayward, P.C., 948
S.W.2d 317, 324 (Tex. App.– Dallas 1997, pet. denied).
Law and Analysis
            A turnover order is a discretionary remedy that, if granted by the trial court, allows a
judgment creditor access to the debtor’s property to satisfy the judgment. Tex. Civ. Prac. & Rem.
Code Ann. § 31.002. The creditor must show the trial court that 1) the debtor owns the property,
2) the property cannot be readily attached, and 3) the property is not exempt. Id. A factual showing
that the judgment debtor has nonexempt property that is not readily subject to ordinary execution is
of particular importance in applying section 31.002. See Schultz v. Fifth Judicial Dist. Court of
Appeals at Dallas, 810 S.W.2d 738, 740 (Tex. 1991). Upon proof of the necessary facts, section
31.002 authorizes the trial court to order affirmative action by the judgment debtor and others to
assist the judgment creditor in subjecting such nonexempt property to satisfaction of the underlying
judgment. Id.
            In this case, Wisener presented no evidence, either oral or written, to the court in support of
her turnover motion. She presented only the motion and argument to the court. Motions and
arguments of counsel are not evidence. Elkins v. Stotts-Brown, 103 S.W.3d 664, 669 (Tex. App.–
Dallas 2003, no pet.). However, Wisener contends that there was no need for her to present evidence
in support of her turnover motion based upon our holding in Sivley v. Sivley, 972 S.W.2d 850 (Tex.
App.– Tyler 1998, no pet.). This is an incorrect reading of that case.
            The record in Sivley shows that a motion for a turnover order under section 31.002 was filed
with the trial court on April 4, 1997 and was granted the same day without a hearing. Id. at 859. 
The record in Sivley also shows the trial court had already heard evidence on all of the facts
supporting its turnover order during three previous hearings in the calendar year of 1996 (June 14,
October 11, and November 22). Id. at 862. Therefore, the trial court did not abuse its discretion by
entering the turnover order in Sivley because evidence had been properly admitted during those
hearings before the entry of the turnover order on April 4, 1997. In the instant case, Wisener never
presented any evidence regarding the nonexempt assets owned by Dr. Clayton as required by section
31.002 of the Texas Civil Practice and Remedies Code. Consequently, the turnover order in Sivley
is distinguishable from the order in the instant case.
            Wisener further contends that even though she did not present evidence at her hearing on the
turnover motion, the discovery responses and affidavit regarding his exempt assets that Dr. Clayton
filed as part of his response to her motion are sufficient evidence to allow the turnover order to pass
muster. Again, we disagree. Both of these documents were evidence of exempt assets, not
nonexempt assets. Section 31.002 requires that evidence of nonexempt assets be admitted into
evidence before the trial court can enter a turnover order. See Schultz, 810 S.W.2d at 740 (a factual
showing that the judgment creditor has nonexempt property is required). Accordingly, we hold that
the trial court abused its discretion in entering the turnover order based on section 31.002 without
any evidence to support the order. Dr. Clayton’s issues one, two, and three are sustained. 
Conclusion
            Because our determination of Dr. Clayton’s first three issues are dispositive of this appeal,
we do not need to address his fourth, fifth, and sixth issues. Having sustained Dr. Clayton’s first
three issues, we reverse the trial court’s turnover order and vacate the order in its entirety. 
                                                                                                     JAMES T. WORTHEN 
                                                                                                                 Chief Justice
Opinion delivered June 15, 2005.
Panel consisted of Worthen, C.J., Griffith, J. and DeVasto, J.

(PUBLISH)