*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*


# MEMORANDUM OPINION

No. 04-07-00328-CV

Edward **FISCHER**, Jr.,
Appellant

v.

Billy **WELLS**,
Appellee

From the County Court at Law No. 2, Bexar County, Texas
Trial Court No. 293108
Honorable David Rodriguez, Judge Presiding

Opinion by:     Phylis J. Speedlin, Justice
Concurring Opinion by:  Alma L. López, Chief Justice

Sitting:        Alma L. López, Chief Justice
                Phylis J. Speedlin, Justice
                Steven C. Hilbig, Justice

Delivered and Filed:   July 2, 2008

AFFIRMED; MOTION FOR SANCTIONS DENIED

Edward Fischer, Jr. appeals a series of orders entered by the trial court culminating with an

Agreed Order to Close Receivership and Disburse Funds.  We affirm the trial court's orders.

### BACKGROUND

On December 2, 2005, a judgment was entered ordering Fischer to pay Wells $29,658.28 in

damages, pre-judgment interest, and attorney's fees.  This court affirmed the judgment on January

31, 2007. *See Fischer v. Wells*, No. 04-06-00131-CV, 2007 WL 247673 (Tex. App.—San Antonio Jan. 31, 2007, no pet.).

On March 9, 2006, Wells served Fischer with his first set of interrogatories in aid of judgment. Fischer's responses were due to be filed by April 11, 2006. On April 27, 2006, Wells's attorney faxed Fischer's attorney a letter inquiring about the status of the responses. When no response was received to the letter, Wells filed a motion to compel discovery responses and for sanctions on May 3, 2006. On May 9, 2006, the trial court ordered Fischer to respond to the interrogatories and to pay Wells's attorney $452.90 within five business days from the date of the order. Fischer filed a motion to reconsider which was set for hearing on May 16, 2006. Fischer's attorney failed to appear, but the trial court considered the matter by a telephone conference, overruled Fischer's objections, if any, to the interrogatories, and extended the deadline for responding and payment of the sanctions to May 19, 2006.

On May 23, 2006, Wells filed a motion for an injunction, stating that Fischer had not complied with the trial court's order. Wells requested an injunction based on his belief that Fischer was secreting assets in view of his refusal to engage in post-judgment discovery. On June 1, 2006, the trial court granted the temporary injunction, enjoining Fischer from taking any affirmative steps to dissipate or transfer assets. On June 12, 2006, Wells filed a motion for general relief, noting that Fischer continued to fail to comply with the trial court's order.

On March 14, 2007, Wells filed a motion for turnover order requesting that Fischer be required to turnover a vacant lot that he had listed for sale ("Lot 475"). Fischer was served with a subpoena to appear at the hearing on the turnover motion. Wells filed an amended motion on March 21, 2007.

On March 19, 2007, Fischer's attorney faxed Wells's attorney a letter and copied the trial court judge. In the letter, Fischer's attorney stated that he would not be able to attend the hearing on the motion for turnover order. Fischer's attorney further stated that Fischer was claiming that Lot 475 was part of his homestead. In response to this letter, Wells's attorney sent the trial court judge a letter and copied Fischer's attorney. Wells's attorney asserted that Lot 475 was not part of Fischer's homestead. Wells's attorney further asserted his belief that Fischer's attempt to sell the property was in direct violation of the trial court's injunction. Fischer's attorney then responded to the letter from Wells's attorney indicating that he was not complaining about the setting or his unavailability but was just noting Fischer's insistence that the property was exempt.

Despite the subpoena, neither Fischer nor his attorney attended the hearing on the motion for turnover order. Wells presented evidence that Lot 475 was a fenced vacant residential lot or raw land adjacent to another fenced lot, Lot 476, which contained a house. Pictures of the two lots were introduced into evidence. Evidence was also presented that Lot 475 had been posted for sale and was under a contract to sell for $119,000 with a closing date scheduled at the end of March. The sales literature described Lot 475 as a "5 acre tract ready for your new custom home." The sales literature further stated the property had been surveyed and fenced, and a "no-climb" fence surrounded the entire 5 acre tract with three gates. At the end of the hearing, the trial court granted the motion. The trial court's turnover order imposed a constructive trust on the proceeds from the sale of Lot 475 payable to Fischer and directed the title company to deposit any monies payable to Fischer as a result of the sale into the registry of the court. The order also provided that if the pending sale was not consummated, a receiver would be appointed to take possession and control

of Fischer's interest in the lot. The order further provided that "[i]n the event that the above-described real property is held by Edward Fischer, Jr. in an undivided co-tenancy, the receiver is specifically authorized to sue for partition and/or sale of the above-described real property in the appropriate court." The order finally awarded Wells's attorney $3,500.00 in attorneys' fees to be paid within five business days.

Fischer filed a motion for reconsideration again asserting that Lot 475 was Fischer's homestead. Wells filed a motion for sanctions and to strike the motion for reconsideration, requesting sanctions in the amount of attorneys' fees and costs incurred in responding to Fischer's motion. After a hearing held on April 4, 2007, the trial court entered an order granting the motion to reconsider but affirming the turnover order. The trial court denied Wells's motion for sanctions.

On April 12, 2007, the trial court entered an order consummating the appointment of a receiver for all of Fischer's interest in Lot 475, finding that reason existed to consummate and finalize the particulars of the previous appointment. Although the record is unclear with regard to the reason for the appointment, the clerk's record does contain an affidavit from Harold McCall who was asked to call the title company handling the closing of the sale of Lot 475. The closing agent informed McCall that she had spoken with Fischer because the buyer was scheduled to close on April 10, 2007, and she needed Fischer's signature on some paperwork. Fischer told the closing agent that "he was not going to pay the amount that was ordered by Judge Rodriguez and he was not going to show up to the closing."

On April 18, 2007, Wells, Fischer, and the receiver filed an agreed motion to close receivership and disburse funds. The motion noted that the property had been sold and requested

that the trial court order the title company to "disburse [the] funds as requested" and close the receivership. The trial court entered an agreed order based on the agreed motion. The trial court subsequently held a hearing on Fischer's motion for new trial which was overruled by operation of law.

## DISCUSSION

The notice of appeal lists both Edward Fischer, Jr. and his wife as appellants. Fischer's wife, however, was not a party to the underlying proceeding and has no standing to appeal. *Owen v. De Los Santos*, No. 04-06-00899-CV, 2008 WL 726165, at *1 (Tex. App.—San Antonio Mar. 19, 2008, no pet. h.) (mem. op.). Moreover, Fischer was a party to an agreed motion seeking to disburse the funds and close the receivership. As a result, Fischer cannot appeal from or attack the trial court's orders. *See Oryx Energy Co. v. Union Nat'l Bank of Tex.*, 895 S.W.2d 409, 416 (Tex. App.—San Antonio 1995, writ denied). Fischer contends that his attorney agreed to the motion and order "not because he agreed to the turnover or receiver's action, but because the form of the order accurately reflected the Court's previously ordered disbursement." The record, however, contains more than just the signature of Fischer's attorney on the agreed order. *Compare Oryx Energy Co.*, 895 S.W.2d at 416. Fischer signed the agreed motion approving it as to form and content and requesting that the title company be ordered to "disburse the funds as requested." If Fischer sought to preserve his complaint regarding the disbursement pursuant to the turnover order and order appointing receiver, he should not have joined the agreed motion seeking the disbursement.[1] "To preserve the right to

---

[1] We note that Fischer's appellate attorney, who filed the motion for new trial on his behalf, first appeared after the agreed motion was signed by the attorney who represented Fischer throughout the proceedings in the trial court that culminated in the agreed order.

complain about a judgment on appeal, a movant for judgment should state in its motion to enter judgment that it agrees only with the form of the judgment, and note its disagreement with the content and result of the judgment." *Casu v. Marathon Refining Co.*, 896 S.W.2d 388, 390 (Tex. App.—Houston [1st Dist.] 1995, writ denied); *see also BKT Corp. v. Express-News Corp.*, No. 04-96-00871, 1997 WL 621301, at *2-3 (Tex. App.—San Antonio Oct. 8, 1997, no pet.) (not designated for publication). In the agreed motion, Fischer did not express any disagreement with the content or result of the order he asked the trial court to enter; instead, the motion was unqualified. *See id*. In joining the agreed motion seeking the disbursement, Fischer waived any error, except for jurisdictional error, contained in the trial court's order and has nothing to present for appellate review. *Pillitteri v. Brown*, 165 S.W.3d 715, 718 (Tex. App.—Dallas 2004, no pet.).

Although Fischer couches some of the issues he presents on appeal as challenges to the trial court's jurisdiction, the trial court had the jurisdiction in the turnover proceeding to determine whether Lot 475 was homestead property and, therefore, exempt from execution. *See Leibman v. Grand*, 981 S.W.2d 426, 436 (Tex. App.—El Paso 1998, no pet.); *Pace v. McEwen*, 617 S.W.2d 816, 819 (Tex. Civ. App.—Houston [14th Dist.] 1981, no writ); *see also Schultz v. Fifth Judicial Dist. Court of Appeals at Dallas*, 810 S.W.2d 738, 739 n.3 (Tex. 1991) (noting turnover order may include one or more declarations that certain assets are subject to payment of the underlying money judgment), *abrogated on other grounds*, *In re Sheshtawy*, 154 S.W.3d 114, 124 (Tex. 2004). Moreover, joinder is not a jurisdictional issue, and the failure to object at the trial level waives any issue as to non-joinder. *Banta v. Tex. Dept. of Family and Protective Servs.*, No. 13-06-548-CV, 2007 WL 2128901, at *1-2 (Tex. App.—Corpus Christi July 26, 2007, no pet.) (mem. op.); *Tristan*

*v. Castillo*, Nos. 04-05-00658-CV & 04-06-00041-CV, 2007 WL 752203, at *2-3 (Tex. App.—San Antonio Mar. 14, 2007, no pet.) (mem. op.). Accordingly, the trial court's orders are affirmed.[2]

Wells asks this court to find Fischer's appeal frivolous and to award him attorneys' fees as sanctions. *See* TEX. R. APP. P. 45. It is within the discretion of the appellate court to grant or deny appellate sanctions. *Spiars v. Watson*, No. 04-06-00200-CV, 2007 WL 2428041, at *3 (Tex. App.—San Antonio Aug. 29, 2007, no pet.) (mem. op.). We must exercise this discretion with prudence, caution, and after careful deliberation. *Id*. Although imposing sanctions is within our discretion, we will do so only in circumstances that are truly egregious. *In re K.C.*, No. 04-03-00012-CV, 2003 WL 22955946, at *3 (Tex. App.—San Antonio Dec. 17, 2003, no pet.) (mem. op.).

Admittedly, Fischer's appeal of an order entered based on his agreed motion gives us pause, as does his wife's attempt to appeal despite her lack of standing. Additionally, Fischer's actions in regard to post-judgment discovery provide some basis for believing that Fischer's appeal is simply an additional tactic to deprive Wells of the full satisfaction of the judgment entered in his favor almost two and one-half years ago. *Keever v. Finlan*, 988 S.W.2d 300, 315 (Tex. App.—Dallas 1999, pet. dism'd) (noting whether appeal was taken for delay is factor appellate court should consider in deciding whether to impose sanctions). We must, however, look at the record from the viewpoint of the advocate and decide whether Fischer's appeal is "objectively frivolous" or whether he had reasonable grounds to believe the case could be reversed. *See In re K.C.*, 2003 WL 22955946, at *3; *Smith v. Brown*, 51 S.W.3d 376, 381 (Tex. App.—Houston [1st Dist.] 2001, pet. denied); *Herring v. Welborn*, 27 S.W.3d 132, 145-46 (Tex. App.—San Antonio 2000, pet. denied).

---

[2]We note that Fischer never filed a request for a jury trial regarding the homestead issue. *See Leibman*, 981 S.W.2d at 436-37.

Where an appellant's argument on appeal fails to convince the court but has a reasonable basis in law and constitutes an informed, good-faith challenge to the trial court's judgment, sanctions are not appropriate. *Herring*, 27 S.W.3d at 145. Some of the factors we consider include the failure to present a complete record, raising issues for the first time on appeal, the failure to file a response to a cross-point requesting sanctions, and the filing of an inadequate appellate brief. *Tate v. E.I. Du Pont de Nemours & Co.*, 954 S.W.2d 872, 875 (Tex. App.—Houston [14th Dist.] 1997, no pet.). In this case, the record was complete, the issues had been raised either during the hearings or in Fischer's motion for new trial, Fischer responded to the cross-point requesting sanctions, and Fischer's brief contains appropriate record citations and citations to authority to support his arguments. As we have noted, an exception to the inability to attack a judgment to which a party has consented or agreed does exist for jurisdictional issues, and Fischer advocates at least two jurisdictional issues in his brief that he does support with case law. Although Fischer's past behavior might make the imposition of sanctions appear to be just, as an appellate court considering whether sanctions are appropriate due to a frivolous appeal, we must limit our focus to those matters relating to the appeal under the above-discussed standard. Under that standard, we cannot conclude that Fischer's argument had no reasonable basis in law, did not constitute an informed, good faith challenge to the trial court's judgment, or that the circumstances were sufficiently egregious to impose sanctions. *See In re K.C.*, 2003 WL 22955946, at *3; *Herring*, 27 S.W.3d at 145-46. Accordingly, Wells's motion for sanctions is denied.

## CONCLUSION

The trial court's orders are affirmed.  Wells's cross-point seeking sanctions is overruled, and his motion to dismiss appeal and for damages is denied.


Phylis J. Speedlin, Justice