**Affirmed and Opinion filed October 24, 2019.**



In The

# Fourteenth Court of Appeals

## NO. 14-17-00851-CV

**STEWART A. FELDMAN, INDIVIDUALLY, THE FELDMAN LAW FIRM LLP, RAPID SETTLEMENTS, LTD., RAPID MANAGEMENT CORP., RSL-3B-IL, LTD., RSL-3B-IL MANAGEMENT CORP., RSL-5B-IL MANAGEMENT CORP., RSL-5B-IL, LTD., RSL SPECIAL MANAGEMENT CORP., AND RSL-SPECIAL IV, LTD., Appellants**

**V.**

**JOSEPH K. WATTS, ANGELA M. WATTS, AND JOSEPH K. WATTS, P.C., Appellees**

**On Appeal from the 55th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2009-09825**

## O P I N I O N

In this appeal from a final judgment in a turnover proceeding, the judgment creditors assert that the trial court erred in denying their request for reasonable attorney's fees under section 31.002(e) of the Texas Civil Practice and Remedies Code. Because the judgment creditors did not seek reasonable attorney's fees for

any services of their attorneys in successfully prosecuting a request for turnover relief, we affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In May 2009, appellants Stewart A. Feldman, individually, The Feldman Law Firm LLP, Rapid Settlements, Ltd., Rapid Management Corp., RSL-3B-IL, Ltd., RSL-3B-IL Management Corp., RSL-5B-IL Management Corp., RSL-5B-IL, Ltd., RSL Special Management Corp., and RSL-Special IV, Ltd. (collectively the "Feldman Parties") obtained a judgment (the "Judgment") against appellees Joseph K. Watts, Angela M. Watts, and Joseph K. Watts, P.C. (collectively the "Watts Parties").

Several years later, the trial court signed an order, dated March 23, 2015, granting the Feldman Parties' application for a turnover order and commanding the Watts Parties to turn over of all of their property not found by the trial court to be exempt (the "Turnover Order"). The trial court also ordered the Watts Parties to continue to turn over certain categories of property immediately upon receiving the property, until the Judgment was "fully paid [or] settled." Though the Feldman Parties had requested attorney's fees under Texas Civil Practice and Remedies Code section 31.002(e), the trial court did not award any attorney's fees in the Turnover Order. No party appealed the Turnover Order.

A few months after issuing the Turnover Order, the Feldman Parties filed a "Supplemental Application for Turnover After Judgment," seeking additional turnover relief as well as attorney's fees. The trial court denied this application.

In March 2017, the Feldman Parties filed a motion asserting that the Watts Parties had failed to comply with various post-judgment, trial-court orders, including the Turnover Order, and seeking (1) coercive sanctions in the form of the

detention of Angela Watts and Joseph Watts or per diem monetary sanctions until they complied with all of these orders, (2) the appointment of a receiver under the trial court's equitable powers to supervise and oversee payment of the Judgment in compliance with the trial court's orders, (3) an order holding the Watts Parties in contempt for failure to comply with the trial court's orders, (4) an award of $170,000 in attorney's fees, which, according to affiant Stewart Feldman, were incurred after rendition of the Turnover Order and in connection with the enforcement of the Turnover Order, as either "sanctions" or "post judgment collection costs relating to the [Turnover Order] and application for a receiver" (the "Motion"). Joseph Watts made a cash payment of $15,000 on the Judgment in mid-March 2017, and a couple of weeks later, he made a payment by cashier's check in the amount of $27,434.72. Joseph Watts testified that loans were the source of the funds for these payments.

The trial court ruled on different parts of the Motion in three different orders.[1] By the time the trial court rendered the final judgment from which the Feldman Parties appeal, the trial court had denied the Motion in its entirety.

The Feldman Parties filed a motion for new trial in which they asked the trial court to reconsider its ruling on their request for attorney's fees. The trial court denied this motion.

## II. ISSUES AND ANALYSIS

### A. Does this court lack jurisdiction over this appeal because the Judgment is void ab initio?

On appeal, Joseph K. Watts and Joseph K. Watts, P.C. (collectively the "Joseph Parties") suggest that the trial court below lacked subject-matter jurisdiction over this turnover proceeding and that this court lacks jurisdiction over

---

[1] The trial court signed these orders on May 5, 2017, May 16, 2017, and July 28, 2017.

3

this appeal because the Judgment is void ab initio. According to the Joseph Parties, the Judgment is void ab initio because the arbitrator's award is void, and the arbitrator's award is void because there was no dispute for the arbitrator to resolve after Joseph Watts and Angela Watts nonsuited all of the claims they had filed in their 2008 lawsuit against the Feldman Parties.

The Judgment was rendered in a separate proceeding to confirm the arbitration award that the Feldman Parties filed in 2009. We presume, without deciding, that if the Judgment is void ab initio, then the trial court below and this court on appeal lack subject-matter jurisdiction. The Judgment would be void and subject to collateral attack if the record affirmatively demonstrates that the trial court that rendered the Judgment in the confirmation proceeding lacked subject-matter jurisdiction. *See PNS Stores, Inc. v. Rivera*, 379 S.W.3d 267, 273 (Tex. 2012). The record before us does not affirmatively demonstrate this lack of subject-matter jurisdiction. So, the Joseph Parties have not succeeded in their collateral attack on the Judgment, and we conclude that we have jurisdiction over this appeal. *See id*.

**B.    Did the trial court abuse its discretion in denying the request for attorney's fees under section 31.002(e)?**

In two appellate issues, the Feldman Parties assert that the trial court abused its discretion in denying the part of the Motion in which they requested reasonable attorney's fees under Texas Civil Practice and Remedies Code section 31.002(e) and in denying their motion for new trial as to this request. Though the Feldman Parties did not cite section 31.002(e) in the Motion, we presume for the sake of argument that the Feldman Parties based their request for attorney's fees in the Motion in part on section 31.002(e). *See* Tex. Civ. Prac. & Rem. Code Ann. § 31.002(e) (West, Westlaw through 2019 R.S.).

4

Under the turnover statute, a judgment creditor is entitled to court aid through injunction or other means to reach property to obtain satisfaction of the judgment if the judgment debtor owns property that is not exempt from attachment, execution, or seizure for the satisfaction of liabilities. Tex. Civ. Prac. & Rem. Code Ann. § 31.002(a). The trial court may "order the judgment debtor to turn over nonexempt property that is in the debtor's possession or is subject to the debtor's control, together with all documents or records related to the property." *Id*. § 31.002(b). The court also may appoint a receiver to take possession of the nonexempt property, sell it, and pay the proceeds to the judgment creditor to the extent required to satisfy the judgment. *Id*. The trial court may enforce its order by contempt proceedings or by other appropriate means in the event of refusal or disobedience. *Id*. § 31.002(c).

In the turnover statute, the Legislature provides that "[t]he judgment creditor is entitled to recover reasonable costs, including attorney's fees." *Id*. § 31.002(e). Under section 31.002(e)'s plain text, the trial court must award a judgment creditor reasonable attorney's fees. *See id*. The statutory text does not expressly address (1) the services for which the trial court should award reasonable attorney's fees, or (2) the circumstances under which the court must award the judgment creditor reasonable attorney's fees. *See id*.

As to the first question, a judgment creditor may take various steps in its quest to satisfy the judgment, such as recording abstracts of judgment, seeking issuance of writs of execution, pursuing post-judgment discovery, instituting garnishment actions, seeking turnover relief, and filing post-judgment fraudulent-transfer claims. One might argue that under section 31.002(e), the Legislature provided that a judgment creditor may recover reasonable attorney's fees for any services its attorneys undertake to collect the judgment. But, this court has rejected this construction by holding that no statute — including section 31.002(e) —

5

allows a garnishor to recover attorney's fees for the successful prosecution of a garnishment action and by stating that section 31.002(e) provides for the "recovery of attorneys' fees in a turnover proceeding." *Henry v. Ins. Co. of No. Am.*, 879 S.W.2d 366, 368–69 (Tex. App.—Houston [14th Dist.] 1994, no writ). The Supreme Court of Texas also has stated that a turnover order may include provisions for costs and attorney's fees "for the turnover proceedings." *See Schultz v. Fifth Judicial District Court of Appeals at Dallas*, 810 S.W.2d 738, 739 n.3 (Tex. 1991), *abrogated on other grounds by*, *In re Sheshtawy*, 154 S.W.3d 114, 124–25 (Tex. 2004). Under these precedents, the reasonable attorney's fees awarded under section 31.002(e) must be for services rendered in a turnover proceeding rather than for services seeking satisfaction of the judgment outside the context of turnover relief. *See Schultz*, 810 S.W.2d at 739 n.3; *Henry*, 879 S.W.2d at 368–69.

As to the second question, this court recently held that a judgment creditor cannot recover attorney's fees under 31.002(e) for the pursuit of turnover relief that the judgment creditor did not obtain. *See Yamin v. Carroll Wayne Conn, L.P.*, 574 S.W.3d 50, 70 & n.16 (Tex. App.—Houston [14th Dist.] 2018, pet. filed). *Accord Boudreaux Civic Ass'n v. Cox*, 882 S.W.2d 543, 550 (Tex. App.—Houston [1st Dist.] 1994, no writ). Thus, under applicable precedent, a trial court must grant a judgment creditor's request under section 31.002(e) for reasonable attorney's fees for the successful prosecution of an application or request for relief under the turnover statute, but section 31.002(e) does not apply to fees for pursuing relief not provided by the turnover statute or for the unsuccessful pursuit of turnover relief. *See Schultz*, 810 S.W.2d at 739 n.3; *Yamin*, 574 S.W.3d at 70 & n.16; *Henry*, 879 S.W.2d at 368–69.

Stewart Feldman described the services for which the Feldman Parties sought to recover $170,000 in attorney's fees as follows:

6

The requested award of attorney's fees . . . relates to the time period following the entry of the [Turnover Order] on March 23, 2015 and also relates to the enforcement of [the Turnover Order]. These fees span the approximate two-year time period following March 23, 2015 through approximately April 16, 2017. These fees include but are not limited to seeking the Watts's compliance with [the Turnover Order], post-judgment discovery in connection therewith, dealing with the Watts's efforts to block and negate the effect of the [Turnover Order] and efforts related to the Watts's continuing to block enforcement of the [Turnover Order], their deliberate and continuing failure to comply with [the Turnover Order], the [Feldman Parties'] prosecuting the abstention action and conducting a . . . trial thereon in [Joseph Watts's third bankruptcy case], investigating Joseph Watts's second bankruptcy, tracing the disposition of the approximately $125,000 received by the [Watts Parties] (only for time after March 23, 2015) which monies then disappeared, and the filing and prosecuting of an additional state court action against Joseph and Angela Watts, [and others] in connection with fraudulent transfers by [Joseph and Angela] to their adult children. The legal fees involve five different actions (two bankruptcies and a bankruptcy adversary, the Texas Uniform Fraudulent Conveyance Act (TUFTA) action, and this action) and span more than two years. Efforts also include the need to seek a receiver because of the [Watts Parties'] frustrating the [Turnover Order] and continuing to hide their assets and sources of monies.

The Feldman Parties sought $170,000 in ostensibly reasonable attorney's fees for services rendered after the entry of the Turnover Order and in connection with their attempts to enforce the Turnover Order.[2]

In the challenged ruling, the trial court denied a request for reasonable attorney's fees for services performed after the rendition of the Turnover Order. Thus, though the Feldman Parties were entitled to reasonable attorney's fees for

---

[2] The Joseph Parties assert that the Watts Parties have not timely appealed the trial court's failure to award the Feldman Parties attorney's fees for their successful pursuit of the Turnover Order because the Feldman Parties did not appeal the final and appealable Turnover Order. Because the Feldman Parties do not challenge on appeal the trial court's failure to award them any attorney's fees under section 31.002(e) for their successful pursuit of the Turnover Order, we need not and do not address this argument.

successfully applying for the Turnover Order, they did not seek these fees in the request at issue. *See Yamin*, 574 S.W.3d at 70 & n.16. The Feldman Parties sought various forms of turnover relief during the period for which they sought reasonable attorney's fees. For example, they sought appointment of a receiver, and they sought an order holding the Watts Parties in contempt for failing to comply with the Turnover Order. Nonetheless, the Feldman Parties did not obtain this relief. Because the Feldman Parties were not successful in getting this turnover relief, they were not entitled to recover attorney's fees under section 31.002(e) for pursuing this relief. *See id.* The Feldman Parties also sought fees for work that did not involve the pursuit of turnover relief, but they were not entitled to attorney's fees under section 31.002(e) for this work. *See Henry*, 879 S.W.2d at 368–69.

On appeal, the Feldman Parties assert that the Turnover Order induced Joseph Watts to pay down the Judgment and that the Watts Parties complied with the Turnover Order by providing financial records. Even if these statements are correct, that would mean that the Feldman Parties obtained a benefit from the Turnover Order. In the request for attorney's fees at issue in this appeal, the Feldman Parties did not seek fees for their successful pursuit of the Turnover Order. The Feldman Parties assert that a judgment creditor is entitled to reasonable attorney's fees under section 31.002(e) if the evidence shows (1) the judgment creditor was successful in obtaining turnover relief; and (2) the attorney's fees are reasonable. Again, in the attorney's-fees request at issue in this appeal, the Feldman Parties did not seek fees for their successful pursuit of the Turnover Order. The Feldman Parties appear to assert that their post-Turnover Order requests for additional turnover relief were successful because Joseph Watts made payments on the Judgment. But, success in obtaining payment of the judgment is not the same as success in the pursuit of the additional turnover relief. The trial

8

court denied the Feldman Parties' requests for the additional relief.

In the challenged ruling, the trial court did not err in denying the Feldman Parties' request for attorney's fees under section 31.002(e) because the Feldman Parties did not seek reasonable attorney's fees for any services of their attorneys in successfully prosecuting an application or request for turnover relief. *See Schultz*, 810 S.W.2d at 739 n.3; *Yamin*, 574 S.W.3d at 70 & n.16; *Boudreaux Civic Ass'n*, 882 S.W.2d at 550; *Henry*, 879 S.W.2d at 368–69. Nor did the trial court err in denying the Feldman Parties' motion for new trial as to this request for attorney's fees. *See Yamin*, 574 S.W.3d at 70 & n.16; *Henry*, 879 S.W.2d at 368–69.

**C.     Should this court assess sanctions against the Feldman Parties?**

On appeal, the Joseph Parties assert that the Feldman Parties' application for turnover relief in the trial court was groundless and worthy of sanctions under Texas Rule of Civil Procedure 13. *See* Tex. R. Civ. P. 13. They state that the Feldman Parties are seeking attorney's fees in this case in a bad-faith effort to harass the Watts Parties. According to the Joseph Parties, "[a]ppellants have perverted the turnover process to wage groundless vexatious litigation against Watts in a taxpayer sponsored extortion scheme." The Joseph Parties suggest that this court should remand this case to the trial court "for the trial court to take evidence to determine what amount in sanctions [the Feldman Parties] should pay to [Joseph] for the groundless and bad faith and abusive tactics he has endure[d] for nearly a decade." The Joseph Parties ask this court to "*sua sponte* sanction [the Feldman Parties] and their attorneys for this appeal that is, at least in part, seeking to recover attorneys' fees and costs churned by [the Feldman Parties] in the commission of a criminal act."

The trial court did not assess sanctions against the Feldman Parties under Rule 13 or Chapter 10 of the Civil Practice and Remedies Code. Even presuming that the trial court denied requests by the Joseph Parties for Rule 13 or Chapter 10

sanctions, the Joseph Parties have not filed a notice of appeal from the trial court's final judgment in this turnover proceeding, and therefore they may not seek to alter the trial court's judgment to award them more relief than the trial court granted in its final judgment. *See Lubbock County, Tex. v. Trammel's Lubbock Bail Bonds*, 80 S.W.3d 580, 584 (Tex. 2002); *CHCA East, L.P. v. Henderson, D.D.S.*, 99 S.W.3d 630, 636 (Tex. App.—Houston [14th Dist.] 2003, no pet.).

The Joseph Parties have not specifically requested damages under Texas Rule of Appellate Procedure 45 based on an allegedly frivolous appeal by the Feldman Parties. *See* Tex. R. App. P. 45. Presuming that under a liberal construction of the Joseph Parties' appellate brief they have requested damages under Rule 45, we conclude that the Feldman Parties' appeal was not frivolous, and we deny this request. *See id*; *London v. London*, 349 S.W.3d 672, 675–76 (Tex. App.—Houston [14th Dist.] 2011, no pet.).

### III. CONCLUSION

The Judgment is not void ab initio, and we have jurisdiction over this appeal. In requesting attorney's fees under section 31.002(e) for work performed after the trial court issued the Turnover Order, the Feldman Parties did not seek reasonable attorney's fees for any services of their attorneys in successfully prosecuting an application or request for turnover relief. Therefore, the trial court did not err in denying this request for reasonable attorney's fees. We overrule the Feldman Parties' two appellate issues, and we affirm the trial court's judgment.

/s/ Kem Thompson Frost
Chief Justice

Panel consists of Chief Justice Frost and Justices Zimmerer and Hassan.

10