

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

## No. 06-09-00110-CV

_____

WAFIA HANIF AND MOHAMMED HANIF SHAKOOR, Appellants

V.

CLARKSVILLE OIL & GAS CO., INC., Appellee

On Appeal from the 102nd Judicial District Court
Red River County, Texas
Trial Court No. 002CV00057

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

Eight years ago, Clarksville Oil & Gas Co., Inc. (Clarksville), sued Mohammed Hanif Shakoor[1] in Red River County, Texas, alleging that Shakoor had breached fuel supply contracts under which Clarksville had supplied fuel to two service stations. Shakoor failed to answer the suit, and the trial court entered a default judgment against him in the amount of $145,487.43, plus interest, and $48,000.00 in attorney's fees. In 2009, Clarksville filed an application for turnover relief requesting that the trial court order Shakoor to turn over shares in WASMA, Inc., and all related documents. Shakoor answered the application, but failed to appear for the hearing. The trial court granted Clarksville's application, ordered Shakoor to turn over the shares and documentation, and awarded $1,500.00 in attorney's fees.

Shakoor and his wife, Wafia Hanif, separately appeal from the turnover order. Both contend that the trial court abused its discretion in granting the turnover order because: (1) Hanif, rather than Shakoor, owns the stock; and (2) there was no evidence to support the elements of Section 31.002 of the Texas Civil Practice and Remedies Code.

Shakoor separately argues that the trial court abused its discretion because there was no evidence to support the trial court's award of attorney's fees.[2]

---

[1]Shakoor is also known as Mohammed Hanif; however, the record is unclear whether Shakoor and Mohammed A. Hanif is the same person.

[2]Hanif separately argues that the trial court abused its discretion by granting turnover relief against a nonparty. However, that point of error is not ripe for our consideration because the turnover order does not order any nonparty to act; rather, it orders Shakoor, a party to the underlying action, to turn over the stock and its accompanying documents.

2

We affirm the trial court's judgment because: (1) the stock is presumed to be community property; (2) the trial court did not abuse its discretion in finding that the stock is subject to the turnover statute; and (3) the trial court properly awarded attorney's fees.

I.    FACTS

After obtaining the default judgment in 2002, an abstract of judgment was filed by Clarksville naming Shakoor as the judgment debtor. In November 2009, Clarksville filed an application for turnover relief requesting that the trial court order Shakoor to turn over shares in WASMA and all related documents. It was alleged in the application that Shakoor had an ownership interest in all shares of WASMA, that the stock could not be readily attached or levied on by ordinary legal process, and that it was not exempt from attachment, execution, or seizure by any statute. Shakoor answered the application, asserting that Hanif, not he, owned the WASMA stock. Hanif was not named in the underlying lawsuit, but she, WASMA, and the Mohammed A. Hanif Trust filed motions in opposition to the production of financial information Clarksville sought in regard to Shakoor, claiming that Hanif, rather than Shakoor, owned the WASMA stock. Neither Shakoor nor Hanif nor anyone associated with the Mohammed A. Hanif Trust appeared at the turnover hearing. After the turnover hearing, the trial court granted Clarksville's application and ordered Shakoor to turn over the shares and documentation.

## II. STANDARD OF REVIEW

We review the granting or denial of a turnover order for an abuse of discretion. *Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 226 (Tex. 1991); *Tanner v. McCarthy*, 274 S.W.3d 311, 320 (Tex. App.—Houston [1st Dist.] 2008, no pet.). A trial court abuses its discretion if it acts in an unreasonable or arbitrary manner. *See Buller*, 806 S.W.2d at 226. A trial court's issuance of a turnover order, even if predicated on an erroneous conclusion of law, will not be reversed for an abuse of discretion if the judgment is sustainable for any reason. *Id.* A trial court does not abuse its discretion if there is some evidence of a substantive and probative character to support the decision. *Tanner*, 274 S.W.3d at 321–22.

## III. THE STOCK IS PRESUMED TO BE COMMUNITY PROPERTY

The trial court found that the stock was community property. Both Shakoor and Hanif contend that the trial court abused its discretion in granting the turnover order because Hanif, a nonparty, owns the stock and, therefore, it is not subject to the turnover statute. We disagree.

Property owned or possessed by either spouse during marriage is presumed to be community property. TEX. FAM. CODE ANN. § 3.003(a) (Vernon 2006). In order to overcome this presumption, the spouse claiming that certain property is separate bears the burden of tracing the asset to prove its separate characterization. TEX. FAM. CODE ANN. § 3.003(b) (Vernon 2006); *McKinley v. McKinley*, 496 S.W.2d 540, 543 (Tex. 1973). "Any doubt as to the character of property should be resolved in favor of the community estate." *Garza v. Garza*, 217 S.W.3d 538,

4

548 (Tex. App.—San Antonio 2006, no pet.); *Moroch v. Collins*, 174 S.W.3d 849, 856 (Tex. App.—Dallas 2005, pet. denied); *see Boyd v. Boyd*, 131 S.W.3d 605, 612 (Tex. App.—Fort Worth 2004, no pet.).

In this case, the only evidence of record indicates that the stock is community property. Neither Shakoor nor Hanif appeared at the turnover hearing. The WASMA stock certificate is dated November 2, 2001, and states that Hanif is the owner of 1,000 shares of WASMA stock.[3] A warranty deed shows that Shakoor and Hanif were husband and wife as early as 1998. Hanif testified that she and Shakoor were still married in June 2008. From those dates, the trial court could have reasonably inferred that Shakoor and Hanif were married at the time she acquired the shares in 2001. There is no evidence that Hanif was single or divorced at the time she acquired the stock, and there is no evidence tracing the stock to prove its separate characterization. *See* TEX. FAM. CODE ANN. §§ 3.003(a), 3.003(b); *McKinley*, 496 S.W.2d at 543; *Garza*, 217 S.W.3d at 548. Here, the presumption that the stock is community property is conclusive because neither Shakoor nor Hanif produced any rebuttal evidence.[4] Therefore, we overrule this point of error.

## IV. THERE IS "SOME EVIDENCE" THAT THE STOCK IS SUBJECT TO TURNOVER UNDER SECTION 31.002 OF THE TEXAS CIVIL PRACTICE AND REMEDIES CODE

---

[3]The trial court took judicial notice of the stock and its issuance to Hanif.

[4]Further, there is no evidence that the stock certificate was derived from Hanif's personal earnings, revenue from separate property, recovery for personal injury, or increases or mutations thereof. *See* TEX. FAM. CODE ANN. § 3.102 (Vernon 2006) (allowing each spouse to solely manage such community property he or she would have owned if single).

5

The trial court found that although the WASMA shares are "held in the name of Wafia Hanif, they are subject to [Shakoor's] control," that they are not exempt from seizure, and that they cannot be readily attached or levied on by ordinary legal processes. Both Shakoor and Hanif argue that there was no evidence to support these elements of the turnover statute. We disagree.

Section 31.002 of the Texas Civil Practice and Remedies Code governs a trial court's entry of a turnover order. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 31.002 (Vernon 2008) (the "turnover statute"). Pursuant to Section 31.002(a), a judgment creditor is entitled to receive aid from a court to reach property to obtain satisfaction on a judgment "if the judgment debtor owns property, including present or future rights to property, that . . . cannot readily be attached or levied on by ordinary legal process, and . . . is not exempt from attachment, execution, or seizure for the satisfaction of liabilities." TEX. CIV. PRAC. & REM. CODE ANN. § 31.002(a). The turnover statute applies to property within the judgment debtor's possession or subject to his or her control. TEX. CIV. PRAC. & REM. CODE ANN. § 31.002(b)(1).

Section 31.002 authorizes a turnover order only upon proof of the necessary facts. *Tanner*, 274 S.W.3d at 322; *Main Place Custom Homes, Inc. v. Honaker*, 192 S.W.3d 604, 628 (Tex. App.—Fort Worth 2006, no pet.). The judgment creditor must prove that (1) the judgment debtor owns, possesses, or controls the property, (2) the judgment creditor cannot readily attach or levy on the property by ordinary legal process, and (3) the property is not exempt from attachment, execution, or seizure for the satisfaction of liabilities. *See* TEX. CIV. PRAC. & REM. CODE ANN.

6

§ 31.002(a)(1), (2), (b)(1); *Tanner*, 274 S.W.3d at 322; *Criswell v. Ginsberg & Foreman*, 843 S.W.2d 304, 306 (Tex. App.—Dallas 1992, no writ). Section 31.002(a) does not

> specify, or restrict, the manner in which evidence may be received in order for a trial court to determine whether the conditions of section 31.002(a) exist, nor does it require that such evidence be in any particular form, that it be at any particular level of specificity, or that it reach any particular quantum before the court may grant aid under section 31.002.

*Tanner*, 274 S.W.3d at 322. However, for a judgment creditor to prove these three elements, he or she must introduce more evidence than just a motion for turnover. The statute requires a factual showing that the judgment debtor has nonexempt property that is not readily subject to ordinary execution. *Schultz v. Fifth Judicial Dist. Court of Appeals at Dallas*, 810 S.W.2d 738, 740 (Tex. 1991).

Both Shakoor and Hanif argue that Clarksville failed to produce evidence to fulfill the elements of Section 31.002. We will address each of the three elements separately.

**A.      Shakoor's Control Over the Property**

As per our ruling hereinabove, the WASMA stock is community property. Community property is further characterized as either joint management community property or as sole management community property of either spouse. TEX. FAM. CODE ANN. § 3.102; *Brooks v. Sherry Lane Nat'l Bank*, 788 S.W.2d 874, 876 (Tex. App.—Dallas 1990, no writ). Unless both spouses are personally liable, the community property subject to a spouse's sole management, control, and disposition is not subject to nontortious liabilities that the other spouse incurred during

marriage. TEX. FAM. CODE ANN. § 3.202(b)(2) (Vernon Supp. 2009). On the other hand, joint management community property is subject to seizure, attachment, or turnover to satisfy a spouse's judgment debt. TEX. CIV. PRAC. & REM. CODE ANN. § 31.002(b)(1); TEX. FAM. CODE ANN. § 3.202(c) (Vernon Supp. 2009).

There is a rebuttable presumption that community property is subject to the joint management, control, and disposition of both spouses unless the parties provide otherwise in writing or other agreement. *See* TEX. FAM. CODE ANN. § 3.102(b), (c). "In general, community property is subject to 'joint management, control, and disposition of the spouses unless the spouses provide otherwise by power of attorney in writing or other agreement.'" *Wright v. Wright*, 280 S.W.3d 901, 910 (Tex. App.—Eastland 2009, no pet.) (citing TEX. FAM. CODE ANN. § 3.102(c)). The question before us is whether Shakoor or Hanif successfully rebutted the presumption of joint management.

Section 3.104 states that the property held in one spouse's name is presumed to be sole management community property. TEX. FAM. CODE ANN. § 3.104 (Vernon 2006). "As its title 'Protection of Third Persons' reflects, Section 3.104 primarily addresses a community property transfer from the standpoint of a third party." *Wright*, 280 S.W.3d at 910.[5]

---

[5]*See also Sembera v. Petrofac Tyler, Inc.*, 253 S.W.3d 815, 830–31 (Tex. App.—Tyler 2008, pet. denied) (applying the presumption of 3.104 to the sale of stock to a third party); *see also Lemaster v. Top Level Printing Ink, Inc.*, 136 S.W.3d 745, 747–48 (Tex. App.—Dallas 2004, no pet.) (3.104 presumption is applicable to stock purchase agreement with third party); *Jean v. Tyson-Jean*, 118 S.W.3d 1, 5 (Tex. App.—Houston [14th Dist.] 2003, pet. denied) (3.104 presumption trumped 3.102 presumption in real estate transaction between deceased deed holder and third parties).

Here, the case does not involve a third-party transaction regarding the stock; therefore, Section 3.104 is inapplicable. The only probative evidence before the trial court regarding ownership, management, and control over the WASMA stock are portions of Hanif's deposition testimony and the stock certificate itself. Hanif is listed as the owner of the 1,000 shares of WASMA stock, and in 2002, she became the president and owner of WASMA, the company that owns the two service stations that were the basis of the underlying lawsuit. However, Hanif testified that she does not manage, operate, or make any decisions for WASMA, and in fact, does not do anything for WASMA, but that Shakoor and her son traveled to the stations several times per week.[6] Hanif had "no idea" who kept the documents discussed in her deposition, but testified that it "may be" Shakoor or their son. Shakoor produced a copy of the stock certificate and attached it to a pleading.

At most, the evidence is in conflict. This Court is not a fact-finder and may not pass on the credibility of the witnesses or substitute its judgment for that of the trier of fact. *Mar. Overseas Corp. v. Ellis*, 971 S.W.2d 402, 407 (Tex. 1998); *Bellefonte Underwriters Ins. Co. v. Brown*, 704 S.W.2d 742, 744–45 (Tex. 1986) (findings of fact are exclusive province of jury or trial court). It is not within the province of this Court to interfere with the fact-finder's resolution of conflicts in the evidence, or to pass on the weight or credibility of the witnesses' testimony. *Sw. Airlines Co. v. Jaeger*, 867 S.W.2d 824, 830–31 (Tex. App.—El Paso 1993, writ denied), *rev'd on other grounds by Dallas Mkt. Ctr. Dev. Co. v. Liedeker*, 958 S.W.2d 382 (Tex. 1997). Where there is

---

[6]The record is unclear as to what functions or duties Shakoor or the son performed at the stations.

9

conflicting evidence, the fact-finder's verdict on such matters is generally regarded as conclusive. *Edmunds v. Sanders*, 2 S.W.3d 697, 703 (Tex. App.—El Paso 1999, pet. denied); *see Pool v. Ford Motor Co.*, 715 S.W.2d 629, 634 (Tex. 1986). Here, the trial court had sufficient evidence from which it could reasonably infer and decide that Hanif did not know the location of the stock certificate or the WASMA corporate documents, that Hanif was nothing more than a figurehead president and stock owner, and that Shakoor actually operated the stations and controlled the stock and the company. Therefore, the trial court was within its discretion to determine that the stock was subject to Shakoor's sole or joint possession or control and subject to this liability incurred during the marriage. TEX. FAM. CODE ANN. § 3.202(c).

## B.      Stock Cannot be Readily Attached or Seized by Ordinary Legal Process

Committee reports from the Texas House and Senate state the turnover statute was enacted to provide judgment creditors with a remedy to reach a judgment debtor's nonexempt property in cases where traditional methods had proved to be inadequate, including situations where the debtor owns interests in other property that could be easily hidden from a levying officer, such as negotiable instruments, corporate stocks, and corporate securities. *See Davis v. Raborn*, 754 S.W.2d 481, 483–84 (Tex. App.—Houston [1st Dist.] 1988), *vacated upon settlement*, 795 S.W.2d 716 (Tex. 1990) (citing David Hittner, *Texas Post-Judgment Turnover and Receivership Statutes*, 45 TEX. B.J. 417 (1982)). Caselaw has confirmed that shares of stock cannot be readily attached or levied on by ordinary legal process. *See Arndt v. Nat'l Supply Co.*, 650 S.W.2d 547, 549 (Tex.

10

App.—Houston [14th Dist.] 1983, writ ref'd n.r.e.). Therefore, the trial court did not abuse its discretion in finding that the shares of WASMA stock could not be readily attached or levied on by ordinary legal process.

## C. Not Exempt from Seizure

While both Shakoor and Hanif contend that Clarksville failed to produce evidence that the stock was not exempt from seizure, neither specifically contend that the WASMA shares are exempt.[7] However, as a matter of law, shares of stock, be they certificated or uncertificated, are not exempt from attachment, execution, or seizure to satisfy a debt. TEX. BUS. & COM. CODE ANN. § 8.112 (Vernon 2002). Further, Section 8.112(a) states that "[t]he interest of a debtor in a certificated security may be reached by a creditor only by *actual seizure* of the security certificate." TEX. BUS. & COM. CODE ANN. § 8.112(a) (emphasis added). Therefore, the trial court did not abuse its discretion in finding that the WASMA shares were not exempt from seizure.

For the foregoing reasons, we find that there is "some evidence of a substantive and probative character to support" the trial court's decision to grant the turnover order and we overrule this point of error. *Tanner*, 274 S.W.3d at 321–22.

---

[7]If a judgment debtor claims that an asset is exempt, it is the debtor's burden to prove the exemption. *Pillitteri v. Brown*, 165 S.W.3d 715, 722–23 (Tex. App.—Dallas 2004, no pet.) (citing *Burns v. Miller, Hiersche, Martens & Hayward, P.C.*, 948 S.W.2d 317, 324 (Tex. App.—Dallas 1997, pet. denied)); *see also Dale v. Fin. Am. Corp.*, 929 S.W.2d 495, 498–99 (Tex. App.—Fort Worth 1996, writ denied).

## V.     The Trial Court's Award of Attorney's Fees Was Proper

Shakoor and Hanif both argue that the trial court abused its discretion in awarding $1,500.00 in attorney's fees to Clarksville.   We disagree.

Section 31.002(e) of the Texas Civil Practice and Remedies Code states that a judgment creditor "is entitled to recover reasonable costs, including attorney's fees."   The recovery of attorney's fees under Section 31.002 is governed by Texas Civil Practice and Remedies Code Sections 38.001, 38.003, and 38.004.   TEX. CIV. PRAC. & REM. CODE ANN. §§ 38.001, 38.003, 38.004 (Vernon 2008); *Burns*, 948 S.W.2d at 327.   The court may take judicial notice of the usual and customary attorney's fees without receiving further evidence.   TEX. CIV. PRAC. & REM. CODE ANN. § 38.004.   Usual and customary attorney's fees for a claim presented under Section 38.001 are presumed reasonable unless rebutted.   TEX. CIV. PRAC. & REM. CODE ANN. § 38.003; *Allstate Ins. Co. v. Lincoln*, 976 S.W.2d 873, 877 (Tex. App.—Waco 1998, no pet.).   Chapter 38 is to be liberally construed to affect its underlying purpose of discouraging the unnecessary litigation or defense of a claim.   TEX. CIV. PRAC. & REM. CODE ANN. § 38.005 (Vernon 2008); *McKinley v. Drozd*, 685 S.W.2d 7, 11 (Tex. 1985).

In this case, by awarding a default judgment, the trial court established that Clarksville is a judgment creditor for purposes of the turnover statute.   *See* TEX. CIV. PRAC. & REM. CODE ANN. § 31.002.   Here, Clarksville was successful in obtaining a turnover order, and it is well established that a judgment creditor that is successful in a turnover proceeding is entitled to attorney's fees.

12

TEX. CIV. PRAC. & REM. CODE ANN. § 38.002 (Vernon 2008); *Lesikar v. Rappeport*, 104 S.W.3d 310 (Tex. App.—Texarkana 2003, pet. denied); *Great Global Assurance Co. v. Keltex Props., Inc.*, 904 S.W.2d 771, 776 (Tex. App.—Corpus Christi 1995, no writ); *Boudreaux Civic Ass'n v. Cox*, 882 S.W.2d 543, 550 (Tex. App.—Houston [1st Dist.] 1994, no writ); *Daniels v. Pecan Valley Ranch, Inc.*, 831 S.W.2d 372, 386 (Tex. App.—San Antonio 1992, writ denied). Further, the trial court found $1,500.00 "to be a fair and reasonable fee for the time and work expended." *See Thomas v. Thomas*, 917 S.W.2d 425, 437 (Tex. App.—Waco 1996, no writ). Therefore, the award was proper, and we overrule this point of error.

For the foregoing reasons, we affirm the order of the trial court.

Jack Carter
Justice

Date Submitted:     April 15, 2010
Date Decided:       May 27, 2010

13