**Dismissed and Opinion Filed July 30, 2015**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-00435-CV

### TRANSCONTINENTAL REALTY INVESTORS, INC., Appellant
### V.
### ORIX CAPITAL MARKETS LLC AND WELLS FARGO BANK MINNESOTA, N.A. AS TRUSTEE FOR THE MORTGAGE PASS-THROUGH CERTIFICATES SERIES 99-CI, Appellees

**On Appeal from the 134th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. 11-15428**

## OPINION

Before Chief Justice Wright, Justice Lang-Miers, and Justice Stoddart
Opinion by Chief Justice Wright

Transcontinental Realty Investors, Inc. attempts to appeal the trial court's order denying Transcontinental's "Motion Pursuant to Section 52.0011 of the Texas Property Code." By letter dated May 15, 2015, the Court advised the parties that it questioned its jurisdiction over this appeal and requested jurisdictional briefing. Having reviewed the briefs filed by both parties, we conclude we lack jurisdiction and dismiss the appeal.

Following a bench trial, the trial court signed a final judgment awarding ORIX Capital Markets damages in the amount of $408,765.98, attorney's fees, and expenses in its suit on a guaranty agreement. The trial court also ruled that Transcontinental take nothing on its claims against ORIX and Wells Fargo Bank, N.A. a/k/a Wells Fargo Bank Minnesota, N.A. as trustee

for the Mortgage Pass-Through Certificates, Series 99CI. Two days later, ORIX filed an abstract of judgment in the real property records of Dallas County, Texas. Transcontinental perfected a timely appeal from the trial court's final judgment and concurrently filed a supersedeas bond to suspend enforcement of the judgment. TEX. R. APP. P. 24.1, 24.2.

Nine months later, Transcontinental sought an order of the trial court declaring that the abstract of judgment filed in the real property records of Dallas County, Texas, did not constitute a lien on its real property, arguing that section 51.0011 of the Texas Property Code invalidated any lien created by the filing of the abstract of judgment once Transcontinental posted security pending appeal. The trial court denied the motion. Transcontinental attempted to perfect this appeal challenging that order. We subsequently rendered our judgment in the original appeal, affirming the trial court's final judgment with modifications. *Transcon. Realty Inv'rs, Inc. v. Orix Capital Mkts. LLC*, No. 05-14-00588-CV, 2015 WL 3751392 (Tex. App.—Dallas June 16, 2015, no pet. h.). We now determine whether this Court has jurisdiction over Transcontinental's second appeal, which challenges only the trial court's order refusing relief under section 51.0011 of the Texas Property Code.

Ordinarily, and with certain exceptions not at issue in this case, we may entertain appeals only from final judgments or interlocutory orders whose appeal is authorized by statute. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). Transcontinental characterizes the trial court's order denying relief under section 51.0011 of the property code as an appealable, final post-judgment order. Citing *Burns v. Hayward*, 909 S.W.2d 505, 506 (Tex. 1995) (per curiam), Transcontinental maintains that the trial court's order is subject to appeal independent of the underlying judgment because it disposes of the main controverted issue concerning which the proceeding was brought. We disagree.

–2–

Post-judgment orders are appealable only if the appeal is statutorily authorized or if the trial court's order operates as a mandatory injunction resolving property rights and imposing obligations on the judgment debtor or third party to transfer property to the judgment creditor. *Jack M. Sanders Family Ltd. P'ship v. Roger T. Fridholm Revocable, Living Trust*, 434 S.W.3d 236, 242 (Tex. App.—Houston [1st Dist.] 2014, no pet.)  For that reason, Texas courts have concluded that turnover orders—the type of order at issue in *Burns*—are final, appealable orders because they are analogous to mandatory injunctions requiring a judgment debtor to turn over property.  *Schultz v. Fifth Judicial Dist. Court of Appeals at Dallas*, 810 S.W.2d 738, 740 (Tex. 1991) (orig. proceeding) ("The turnover order at issue in this case resolved the property rights issues and acted as a mandatory injunction as to the judgment debtor Schultz and the receiver. We therefore hold that the turnover order was in the nature of a mandatory injunction and was appealable."), *abrogated on other grounds by In re Sheshtawy*, 154 S.W.3d 114 (Tex. 2004) (orig. proceeding).  An order under section 52.0011 of the property code, whether granted or denied, does not have similar effect.

Under Texas law, an abstract of judgment, "when it is recorded and indexed . . . constitutes a lien on and attaches to any real property of the defendant, other than real property exempt from seizure or forced sale . . . that is located in the county in which the abstract is recorded and indexed."  TEX. PROP. CODE ANN. § 52.001 (West 2014).  Section 52.0011 creates an exception to this rule providing that an abstract of judgment does not constitute a lien on real property if the defendant has posted security as provided by law or is excused from posting security and the court that renders judgment determines "creation of the lien would not substantially increase the degree to which a judgment creditor's recovery under the judgment would be secured when balanced against the costs to the defendant after the exhaustion of all appellate remedies."  *Id.* at § 52.0011(a) (West 2014); *see EEOC v. Serv. Temps, Inc.*, 782 F.

–3–

Supp. 2d 288, 290 (N.D. Tex. 2011). Thus, an order under section 52.0011, whether it grants or denies the relief sought, is simply ancillary to the filing of an abstract of the trial court's judgment.

"[A]n order made for the purpose of carrying into effect an already-entered judgment is not a final judgment or decree and cannot be appealed as such." *Kennedy v. Hudnall*, 249 S.W.3d 520, 523 (Tex. App.—Texarkana 2008, no pet.) (citing *Wagner v. Warnasch*, 295 S.W.2d 890, 893 (Tex. 1956)). For that reason, the "usual writs and orders to aid in execution to collect a final money judgment are not, in general, appealable orders." *Schultz*, 810 S.W.2d at 740. Based on this exclusion of "usual writs and orders to aid in execution" from the catalog of appealable orders, we have determined, for instance, that a trial court's ruling regarding the suspension of a writ of execution may not form the basis for an appeal. *Lynd v. Conesco Fin. Servicing Corp.*, No. 05-02-01594-CV, 2002 WL 31647401, at *1 (Tex. App.—Dallas Nov. 25, 2002, no pet.) (per curiam) (not designated for publication) (dismissing attempted appeal under rule 42.3(a)); *see also Gonzales v. Daniel*, 854 S.W.2d 253, 255 (Tex. App.—Corpus Christi 1993, no writ) (concluding order sustaining motion to quash writ of execution not appealable); *Dawson v. Dawson*, 140 S.W. 513, 513–14 (Tex. Civ. App.—El Paso 1911, no writ) (finding order refusing to quash writ of execution not appealable). An order under section 52.0011 also falls into this category and is not a final, appealable post-judgment order.

Transcontinental also argues that the power conferred on appellate courts by section 52.006 of the Texas Civil Practice and Remedies Code and rule 24.4 of the Texas Rules of Appellate Procedure to review the amount and type of security required to suspend enforcement

of judgment provides an independent basis for appellate jurisdiction over this case.[1] We reject this argument.

Section 52.006 of the Texas Civil Practice and Remedies Code provides for appellate review of the amount of security required to suspend execution of a money judgment. TEX. CIV. PRAC. & REM. CODE ANN. § 52.006(d) (West 2015). Specifically, appellate courts may review the amount of security "as allowed under Rule 24, Texas Rules of Appellate Procedure . . . ." *Id.* Rule 24.4, in turn, permits a party to seek appellate review of a trial court's order setting the amount and type of security and sufficiency of sureties "by motion filed in the court of appeals with jurisdiction or potential jurisdiction over the appeal." TEX. R. APP. P. 24.4(a). Transcontinental did not initiate its attempt to obtain review of the trial court's ruling on the section 52.0011 order by filing a motion in its appeal of the related final judgment of the trial court. Instead, Transcontinental filed a separate appeal.

"The rules provide for review of the trial court's ruling on the bond as part of the appeal from the final judgment in the case." *Gailey v. Gutierrez*, No. 01-12-00491-CV, 2013 WL 127557, at *1 (Tex. App.—Houston [1st Dist.] Jan. 10, 2013, no pet.) (mem. op.) (per curiam). Neither section 52.006 nor rule 24.4 provides an independent basis for appellate jurisdiction.

---

[1] Transcontinental maintains that section 52.0011 of the property code is a complementary statutory provision to chapter 52 of the Texas Civil Practice and Remedies Code. It contends that because consideration of the issues raised by section 52.0011 of the property code directly relates to the amount of security posted "as required by law," section 52.006 of the civil practice and remedies code and rule 24.4 of the Texas Rules of Appellate Procedure provide the jurisdictional predicate for this appeal. We need not determine whether a ruling on a motion under section 52.0011 of the property code is reviewable pursuant to the procedures established by section 52.006 of the civil practice and remedies code and rule 24.4 because we do not agree that these provisions amount to an independent grant of appellate jurisdiction.

Because we have no basis for asserting jurisdiction to review the trial court's order in an appeal separate from the appeal of the final judgment, we dismiss this appeal for lack of jurisdiction.

150435F.P05

/Carolyn Wright/
CAROLYN WRIGHT
CHIEF JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

TRANSCONTINENTAL REALTY
INVESTORS, INC., Appellant

No. 05-15-00435-CV          V.

ORIX CAPITAL MARKETS LLC AND
WELLS FARGO BANK MINNESOTA,
N.A. AS TRUSTEE FOR THE
MORTGAGE PASS-THROUGH
CERTIFICATES SERIES 99-CI, Appellees

On Appeal from the 134th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. 11-15428.
Opinion delivered by Chief Justice Wright.
Justices Lang-Miers and Stoddart
participating.

In accordance with this Court's opinion of this date, the appeal is **DISMISSED** for want
of jurisdiction.

It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered July 30, 2015.