**AFFIRMED and Opinion Filed February 25, 2022**



In The

**Court of Appeals**

**Fifth District of Texas at Dallas**

_____

**No. 05-20-00735-CV**
_____

**GREG GUTMAN, Appellant**

**V.**

**TRENT DE GIULIO ALSO KNOWN AS, TRENT DI GIULIO, AND ALVIN D. JAMES, Appellee**

**On Appeal from the 95th District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-18-04002**

## MEMORANDUM OPINION

Before Justices Carlyle, Smith, and Garcia
Opinion by Justice Garcia

Greg Gutman, appearing pro se, raises nine issues complaining about the trial court's amended turnover orders and refusal to replace the receiver. Concluding Gutman's arguments are without merit, we affirm the trial court's order.

## I. BACKGROUND

Gutman sued Alvin James and Trent De Giulio for fraud and obtained a judgment against them. Gutman subsequently moved for a turnover order against De Giulio (the "Judgment Debtor"). The Judgment Debtor did not appear at the hearing, and the court granted the motion and appointed a receiver. On April 5, 2019, a

visiting judge signed the turnover order Gutman drafted and provided to the court (the "Initial Order").

The initial order provided, in pertinent part:

> The Receiver shall take possession and control of **all property of any kind,** owned by Respondent legally or beneficially, in whole or in part, real or personal, together with any and all documents of title and other documentation sufficient to identify each item of property to the Receiver to be sold as under execution.

> **Without limiting any of the foregoing**, the property to be turned over to the Receiver shall include vehicles, financial accounts, any income derived by Respondent from any source other than what is reasonably required for his living expenses, investments, securities, video and audio recording equipment, and other property used to operate any business involving film making of any type. Respondent shall not be required to turn over to the Receiver the furnishings found in his home other than furniture or other personal property that can reasonably be characterized as collector items or unusually valuable. The Receiver is specifically authorized to make demand and collect any such property from any third party or where such property may be found.

(Emphasis added).

Gutman later requested that Eric Gormly be substituted as turnover receiver. On June 28, 2019, the court signed an order (the "First Amended Order") appointing Gormly as receiver (the Receiver).

After a series of events, including the Judgment Debtor's bankruptcy and settlement negotiations, the relationship between the Receiver and Gutman deteriorated. Gutman filed a motion to replace the Receiver and the Receiver filed a brief reporting the results of the turnover inquiry and requesting that the court review the Initial Order and strike it as void. The brief advised the court that the Initial Order

required the Receiver to attach and seize property that is "clearly exempt by statute." Gutman responded.

A visiting judge conducted a hearing and denied Gutman's motion to replace the Receiver and granted the Receiver's request to set aside the Initial Order. But no order was signed. Gutman filed a renewed motion to replace the Receiver and the Receiver responded and requested sanctions.

A different visiting judge conducted another hearing. At the conclusion of the hearing, the court ruled in favor of the Receiver and against Gutman. The judge signed an order on July 29, 2020 (the "Second Amended Order") ordering that the Receiver remain in place, finding that the Initial Order "as drafted and tendered" by Gutman violates the governing statutes by ordering seizure of exempt property and is void and unenforceable. "Based on the premise that the turnover application . . . is valid," the order finds that the Receiver's conclusions about the property subject to seizure are in accordance with the governing statutes and directs that the Receiver attach only the one item of property the Receiver found and reported to be exempt.

On August 3, the original visiting judge signed an "Order on Receiver's First Amended Motion for Court Review of Turnover Order and Ruling to Dismiss" (the "Third Amended Order"). The Third Amended Order concludes that the Initial Order is "unenforceable as contrary to law and therefore void" except as to the portion that may be enforced under the applicable statutes, finds that the Judgment Debtor's nonexempt property, as found by the receiver, consists of one 1995 Jaguar XJ6, and

–3–

orders that the Receiver take possession of that property and dispose of it through sale, collect his compensation through the proceeds and pay the remainder to Gutman.

Gutman appeals from the Second and Third Amended Orders.

## II. ANALYSIS

At the heart of this dispute is Gutman's insistence that the Receiver must seize or attach the Judgment Debtor's exempt property because the Initial Order did not exclude exempt property, and no one objected. To this end, Gutman raises nine overlapping issues arguing that the trial court: (1) had no jurisdiction to declare the Initial Order void because its plenary power had expired, (2) erred because the Receiver had no standing to request modification and there was no justiciable controversy, (3) wrongfully ruled that the judgment debtor was entitled to exemptions or alternatively, included property that is not exempt, and (4) abused its discretion by refusing to remove and replace the Receiver.

### A. The Third Amended Order

While none of the orders following the Initial Order are specifically labeled "amended order," they can be reasonably construed as such. *See generally, Chapa v. Chapa*, No. 04-12-00519-CV, 2012 WL 6728242, at *5 (Tex. App.—San Antonio Dec. 28, 2012, no pet.) (looking at substance and function of an order in the context of the record rather than the title or form of the order).

–4–

An amended order generally supersedes and nullifies the order it amends. *See Black v. Shor*, 443 S.W.3d 170, 175–76 (Tex. App.—Corpus Christi 2013, no pet.) (stating that "[o]rdinarily, an amended final order supersedes any prior final order when the 'order amounts to something more than marking through [an earlier date] and substituting another date on the final order'"); *Bahar v. Lyon Fin. Servs., Inc.*, 330 S.W.3d 379, 386 (Tex. App.—Austin 2010, pet. denied) (same). The same is true for turnover orders; an amended turnover order supersedes and renders moot previously issued turnover orders. *See Goodman v. Compass Bank*, No. 05-15-00812-CV, 2016 WL 4142243, at *3, n.3 (Tex. App.—Dallas 2016, pet. denied (mem. op.) (involving an amended turnover order and stating that "[t]he rule that an amended order supersedes the order it amends applies to appealable orders rendered in aid of enforcing a judgment"). Thus, when the Third Amended Order was entered, it rendered the Second Amended Order moot. But even if we treated the third order as a supplement to the second, the analysis remains the same and Gutman's overlapping challenges to both orders fail.

## B.     Jurisdiction to Amend the Initial Order

The Second Amended Order found the Initial Order "void and unenforceable," and the Third Amended Order concluded that the Initial Order was "unenforceable as contrary to law, and thus void." Gutman argues that the trial court's plenary power had expired when it entered the amended orders, and thus the

court had no jurisdiction to find the Initial Order void. Gutman's effort to impose plenary power restrictions on post-judgment enforcement proceedings is misplaced.

Every court with jurisdiction to render a judgment also has the inherent authority to enforce its judgments. *Alexander Dubose Jefferson and Townsend LLP v. Chevron Phillips Chemical Co.*, 540 S.W.3d 577, 581 (Tex. 2018) "Unlike plenary power, which generally only lasts for thirty days after final judgment, a trial court's post-judgment enforcement powers "can last until the judgment is satisfied."" *Id.* Accordingly, a court "may render a number of amended turnover orders, all of which could be final, appealable judgments if they satisfy "the *Schultz* test" by acting as mandatory injunctions. *Id.*; *see also Schultz v. Fifth Judicial Dist. Court of Appeals at Dallas*, 810 S.W.2d 738, 740 (Tex. 1991), *abrogated on other grounds by In re Sheshtawy*, 154 S.W.3d 114 (Tex. 2004).[1]

The plenary-power rules are designed to prevent trial courts from reopening litigation after fully disposing of all the issues before it. *See Bahar*, 330 S.W.3d at 387 ("The very purpose of limiting a trial court's plenary power over a proceeding is to foreclose the possibility of a suit continuing indefinitely even though a final judgment has been obtained.") (quoting *Malone v. Hampton*, 182 S.W.3d 465, 470 (Tex. App.—Dallas 2006, no pet.). This is inconsistent with post-judgment

---

[1] A turnover order is analogous to a mandatory injunction if it requires a judgment debtor to turnover property. *See Transcon Realty Inv'rs v. Orix Cap. Markets LLC*, 470 S.W.3d 844, 847 (Tex. App.—Dallas 2015, no pet.).

receiverships, which are ongoing proceedings to enforce a judgment. *See Mitchell v. Turbine Res. Unlimited*, 523 S.W.3d 189, 196 (Tex. App.—Houston [14th Dist.] 2017, pet. denied).

A court that appoints a receiver to assist with enforcement thus retains "continuing jurisdiction and control" over the receiver and receivership property until concluding the proceeding. *See Bowman v. The Bank of N.Y. Mellon Tr. Co.*, No. 05-13-01684-CV, 2016 WL 258765, at *4 (Tex. App.—Dallas Jan. 21, 2016, pet. denied) (mem. op.) (citing *Pratt v. Amrex, Inc.*, 354 S.W.3d 502, 504–05 (Tex. App.—San Antonio 2011, pet. denied)). This authority includes modifying the court's previous orders to respond to new circumstances. *See Hill v. Hill*, 460 S.W.3d 751, 764 (Tex. App.—Dallas 2015, pet. denied).

Once the need for the receivership has passed, the trial court has power to "conduct proceedings necessary to conclude the receivership and discharge the receiver," *Hill*, 460 S.W.3d at 763, including, if necessary, the power to modify its previous orders, *see Chimp Haven, Inc. v. Primarily Primates, Inc.*, 281 S.W.3d 629, 633 (Tex. App.—San Antonio 2009, no pet.) (holding trial court properly modified order discharging receiver to retain jurisdiction to dispose of receivership property).

Gutman provides no authority to support his suggested departure from this well-established body of law. The Third Amended Order modified the Initial Order. Because the order required the Judgment Debtor to turn over property, it was analogous to a temporary injunction and satisfied the *Shultz* test. *See Transcon*

–7–

*Realty*, 470 S.W.3d at 847. The judgment had not been satisfied at the time the amended order was entered. Under these circumstances, the trial court had jurisdiction to amend the Initial Order using its post-judgment enforcement powers. *See Alexander Dubose*, 540 S.W.3d at 581.

Gutman's confusion appears to arise from the court's finding that the Initial Order is void and unenforceable. Voidable orders are readily appealable and must be attacked directly, but void orders may be circumvented by collateral attack or remedied by mandamus. *Mapco, Inc. v. Forrest*, 795 S.W.2d 700, 703 (Tex. 1990) (original proceeding); *Sanchez v. Hester*, 911 S.W.2d 173, 176 (Tex. App.—Corpus Christi 1995, orig. proceeding). A judgment is void if it is apparent that the court rendering the judgment had no jurisdiction of the parties, no jurisdiction of the subject matter, no jurisdiction to render the judgment, or no capacity to act as a court. *Mapco*, 795 S.W.2d at 703. All errors other than jurisdictional deficiencies render the judgment merely voidable, and such errors must be corrected on direct attack. *Browning v. Placke*, 698 S.W.2d 362, 363 (Tex. 1985).

Although characterization of the Initial Order as void rather than voidable may have been erroneous, such characterization is of no consequence.[2] Regardless of

---

[2] In a single sentence, without supporting argument or authority, Gutman states that "the turnover order is immune to collateral attack." To the extent Gutman seeks to argue that the requested modifications constitute a collateral attack, the argument is waived for inadequate briefing. *See* TEX. R. APP. P. 38.1. Moreover, this is not a new proceeding initiated by the Judgment Debtor seeking to attack the turnover order, nor do the amended orders disturb the conclusion that Gutman is entitled to turnover relief.

characterization, the trial court had post-judgment enforcement jurisdiction to modify the turnover order. Indeed, Gutman's two motions seeking replacement of the court-appointed receivers tacitly acknowledge and seek to invoke the court's continued jurisdiction over the turnover and receivership. And, as discussed below, there is no question that the Initial Order was unenforceable.

Gutman's argument that the Receiver had no standing to seek modification of the Initial Order is equally unavailing. A party has standing when he is personally aggrieved, regardless of whether he is acting with legal authority. *See Pike v. Tex. EMC Mgmt., LLC*, 610 S.W.3d 763, 775 (Tex. 2020) (internal quotations omitted). Conversely, by statutory definition—as well as necessity—a receiver must be both a non-party and disinterested in the outcome of the case. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 64.021(a) ("To be appointed as a receiver for property . . . a person must not be a party, attorney, or other person interested in the action for appointment of a receiver."); *Chemical Eng'g Servs., Inc. v. Tomlinson*, 750 S.W.2d 375, 375 (Tex. App.—Beaumont 1988, no writ).

In this case, the Receiver was not seeking personal relief as a party; his authority to act was derived from his appointment by the court. A trial court may appoint a receiver with the authority to take possession of nonexempt property, to sell it, and to pay the proceeds to the judgment creditor as required to satisfy the judgment. TEX. CIV. PRAC. & REM. CODE ANN. § 31.002(b)(3). "A receiver is an officer of the court, the medium through which the court acts." *Goin v. Crump*, No.

05-18-00307-CV, 2020 WL 90919, at *10 (Tex. App.—Dallas Jan. 8, 2020, no pet.) (mem. op.); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 64.031 (powers of receiver that may be exercised subject to court's control). A receiver is a "disinterested party, the representative and protector of the interests of all persons, including creditors, shareholders and others, in the property of the receivership." *Magaraci v. Espinosa*, No. 03-14-00515-CV, 2016 WL 858989, at *2 (Tex. App.— Austin Mar. 4, 2016, no pet.) (mem. op.) (citing *Trust Co. v. Lipscomb Cty.*, 180 S.W.2d 151, 158 (Tex. 1944)).

It is axiomatic that a receiver is obligated to inform the court when an order is unlawful and he is unable to comply. Indeed, a receiver is sworn to perform his duties faithfully. TEX. CIV. PRAC. & REM. CODE ANN. § 64.022. In this case, the Initial Order provided for turnover of exempt property in contravention of applicable law, and the Receiver so informed the court in accordance with his ethical responsibilities as an officer of the court. The Receiver further provided a report of his investigation of the Judgment Debtor's property and informed the court that there was only one nonexempt asset subject to seizure. In discharging these duties, the Receiver acted in accordance with his obligations and authority and did not need standing to sue.

Gutman's first five issues are resolved against him.

**C.     Did the trial court abuse its discretion by amending the Initial Order?**

Having concluded that the trial court had jurisdiction to amend the turnover order, and the Receiver was obligated to advise the court that modification was required, we next consider whether the court abused its discretion by amending the Initial Order and denying Gutman's motion to replace the Receiver.

We review a trial court's post judgment turnover order under an abuse of discretion standard. *Stanley v. Reef Securities, Inc.*, 314 S.W.3d 659, 663 (Tex. App.—Dallas 2010, no pet.). We will reverse a trial court's order only if we conclude that the court acted in an unreasonable or arbitrary manner, that is, without reference to any guiding rules and principles. *Beaumont Bank v. Buller,* 806 S.W.2d 223, 226 (Tex. 1991).

The crux of Gutman's argument is that court must enforce the unlawful turnover order so that he can recover exempt property from the Judgment Debtor because the Initial Order he drafted allows him to do so and the Judgment Debtor did not object. While this is a novel argument, it has no merit. Although a judgment debtor has the burden to raise exemptions, *see In re C.H.C.*, 290 S.W.3d 929, 932 (Tex. App.—Dallas 2009, no pet.), the issue here is not who had the burden of proof in the initial turnover proceeding. Rather, the issue is whether the court may properly enforce a turnover order that is contrary to law.

Section 31.002(a) of the civil practice and remedies code, commonly referred to as the "turnover statute," *Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 224 n.1 (Tex. 1991), provides:

> (a) A judgment creditor is entitled to aid from a court of appropriate jurisdiction through injunction or other means in order to reach property to obtain satisfaction on the judgment if the judgment debtor owns property, including present or future rights to property, that:
>
>  (1) cannot readily be attached or levied on by ordinary legal process; and
>
> (2) is not exempt from attachment, execution, or seizure for the satisfaction of liabilities.

TEX. CIV. PRAC. & REM. CODE ANN. § 31.002(a). The purpose of the turnover statute is to assist a judgment creditor in reaching certain property of a judgment debtor to obtain satisfaction of a judgment. *Pilliterri v. Brown*, 165 S.W.3d 715, 721 (Tex. App.—Dallas 2004, no pet.).

The statute is only applicable to property that property that is "exempt" from attachment, execution, or seizure. *See id*. § 31.002(a)(2).[3] Accordingly, the statute expressly provides that a court may not enter or enforce a turnover order that requires turnover of the proceeds of, or disbursement of exempt property. *Id.* §31.002(f);

---

[3] Exempt personal property includes: (1) home furnishings, including family heirlooms; (2) provisions for consumption; (3) farming or ranching vehicles and implements; (4) tools, equipment, books, and apparatus, including boats and motor vehicles used in a trade or profession; (5) wearing apparel; (6) jewelry not to exceed 25 percent of the prescribed aggregate limitations; (7) two firearms; (8) athletic and sporting equipment, including bicycles; (9) a two-wheeled, three-wheeled, or four-wheeled motor vehicle for each member of a family or single adult who holds a driver's license or who does not hold a driver's license but who relies on another person to operate the vehicle for the benefit of the nonlicensed person; (10) various animals and forage on hand for their consumption; and (11) household pets. *See* TEX. PROP. CODE ANN. § 42.002.

–12–

*Burns v. Miller, Hiersche, Martens & Hayward*, 948 S.W.2d 317, 321 (Tex. App.—Dallas 1997, writ denied); *see also Fitzgerald v. Cadle Co*., No. 02-16-00338-CV, 2017 WL 4675513, at *5 (Tex. App.—Tyler Oct. 18, 2017, no pet.) (trial court abused discretion ordering turnover of exempt property); *Holland v. Alker*, No. 01-05-00666-CV, 2006 WL 1041785, at *2 (Tex. App.—Houston [1st Dist.] Apr. 20, 2006, pet. denied) (court may not order turnover of exempt property).

Gutman cites *Piper v. Stratten*, 7 S.W. 45, 46 (Tex. 1887) to argue that a receiver is obligated to obey an erroneous order. *Piper* does not stand for the proposition cited. The issue in *Piper* was whether a receiver could be sued in the court where the suit is pending or in the county of his residence in a different suit. We are aware of no authority requiring a court to enforce a turnover order that violates the statutory protections for exempt property. Here, the trial court correctly concluded that the Initial Order could not be enforced and did not abuse its discretion by amending the order to clarify that turnover must comply with the applicable statutes.

Likewise, the trial court did not abuse its discretion by denying the motion to remove the Receiver. Gutman's brief levels a series of accusations against the Receiver that are unsupported by the record. "We do not consider factual assertions that appear solely in briefs and are not supported by the record." *Unifund CCR Partners v. Weaver*, 262 S.W.3d 796, 797 (Tex. 2008) (per curiam). The essence of Gutman's complaint is that the Receiver declined to carry out the unlawful aspects

–13–

of the Initial Order and otherwise engaged in misconduct. We have previously addressed the Receiver's obligations regarding the Initial Order and there is no evidence of misconduct in the record. Accordingly, the trial court did not abuse its discretion by amending the Initial Order and denying the motion to replace the Receiver. Gutman's ninth issue is overruled.

**D.    Exempt Property**

Gutman's remaining issues challenge the Receiver's report categorizing the Judgment Debtor's assets, including self-employment income, personal property, vehicles, and financial assets. Gutman also argues that the Receiver had no authority to identify exempt property and the trial court erred by adopting the Receiver's conclusions. We are not persuaded by these arguments.

### 1.    Self-Employment Income

As we understand Gutman's argument, he maintains that wages lose their exempt status once the paycheck has been turned over to the debtor or cashed. Accordingly, he claims that self-employment income that is not needed for reasonable living expenses is not exempt. Gutman misstates the applicable law.[4]

Current wages have been exempt from garnishment in Texas at least since the current constitution was ratified in 1876. *See* TEX. CONST. art. XVI, § 28. Current

---

[4] Although Gutman did not specifically object to the Receiver's report and valuations, he raised the argument concerning self-employment income in the court below.

–14–

wages are also exempt from attachment, execution, or other seizure under the Property Code. *See* TEX. PROP. CODE ANN. § 42.001(b)(1).

Texas courts, including this court, have recognized that in 1989 the legislature added subsection (f) to the turnover statute, implicitly overruling the line of cases holding that wages were no longer "current" once they had been paid to and received by the debtor. *See Goebel v. Brandley*, 174 S.W.3d 359, 364–65 (Tex. App.—Houston [14th Dist.] 2005, pet. denied); *Burns v. Miller, Hiersche, Martens & Hayward, P.C*, 948 S.W.2d 317, 323 (Tex. App.—Dallas 1997, writ denied). Subsection (f) specifically provides that "[a] court may not enter or enforce an order under this section that requires the turnover of the proceeds of, or the disbursement of, property exempt under any statute . . . ." TEX. CIV. PRAC. & REM. CODE ANN. § 31.002(f). "This amendment was intended to prevent turnover of paychecks, retirement checks and other similar types of assets after a judgment debtor received them." *Burns*, 948 S.W.2d at 323. As the Texas Supreme Court explained, "[b]y prohibiting the turnover of the proceeds of property exempt under any statute, [section 31.002(f)] necessarily prohibits the turnover of the proceeds of current wages." *Caulley v. Caulley*, 806 S.W.2d 795, 798 (Tex. 1991). Accordingly, we reject Gutman's argument.

### 2. Personal Property

The Receiver's report stated that the aggregate value of the Judgment Debtor's property and assets is approximately $22,000, which included "clothing, home

furnishings, kitchen utensils and appliances, electronics, DVD's and CD's, family keepsakes, photographs, artwork, books," and cameras, VCR's and electronics used in the Judgment Debtor's business.[5] The Receiver further reported that the combined value of these items does not exceed the statutory limits. *See* TEX. PROP. CODE ANN. § 42.001(a)(2).

Gutman argues that the Receiver's report is deficient because it does not list individual values and "what someone might identify as a keepsake may have great monetary value." Gutman did not object to the Receiver's report or raise this issue in the court below. Consequently, nothing has been preserved for our review. *See* TEX. R. APP. P. 33.1.

### 3. Vehicles

The Receiver found that the Judgment Debtor owns a 1998 Dodge Caravan that he uses as a business vehicle, and two personal vehicles, a 2005 Jaguar and a 1995 Jaguar. The Receiver concluded that one of the vehicles was not exempt, and the Judgment Debtor identified the 1995 Jaguar as the vehicle he would designate to be levied against.

Gutman argues that the Judgment Debtor is only entitled to one vehicle and is not entitled to an additional business vehicle. This argument has not been preserved for our review. *See* TEX. R. APP. P. 33.1. Moreover, Gutman misreads the statute.

---

[5] The Judgment Debtor is the sole proprietor of a video production business.

An individual is entitled to one vehicle (the personal vehicle) *See* TEX. PROP. CODE ANN. § 42.002 (9), as well as to "tools, equipment, books, and apparatus, including boats and motor vehicles used in a profession." *Id*. 42.002 (4). Thus, the Receiver's conclusion is in accord with the statute.

4.      Financial Assets

The Receiver concluded that all income and financial assets were exempt by statute. *See* TEX. PROP. CODE ANN. §42.001(b)(1), (d), TEX. PROP. CODE ANN. § 42.021(a)(b); TEX. CIV. PRAC. & REM. CODE ANN. §31.0025. Gutman insists that to the extent the Receiver included bank accounts, these accounts are not exempt. Because Gutman did not object to the Receiver's report and valuations or otherwise raise this argument in the court below, it has not been preserved for our review. *See* TEX. R. APP. P. 33.1.

5.      The Receiver's Authority

Gutman's contention that the Receiver was not authorized to identify exempt property is incorrect. By definition, the Receiver's authority extends only to non-exempt property. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 31.002(e) (The court may . . . appoint a receiver with authority to take possession of the non-exempt property). Gutman fails to explain how a receiver might discharge this duty without distinguishing between that which is exempt and that which is non-exempt. Because the Initial Order erroneously included exempt property, the Receiver requested clarification, and the trial court did not abuse its discretion by amending the order to

clarify the scope of the Receiver's authority. Gutman's sixth, seventh, and eighth issues are resolved against him.

### III.  CONCLUSION

Having resolved all of Gutman's issues against him, we affirm the trial court's order.


/Dennise Garcia/
DENNISE GARCIA
JUSTICE


200735F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

GREG GUTMAN, Appellant

No. 05-20-00735-CV     V.

TRENT DE GIULIO ALSO
KNOWN AS, TRENT DI GIULIO,
AND ALVIN D. JAMES, Appellee

On Appeal from the 95th District
Court, Dallas County, Texas
Trial Court Cause No. DC-18-04002.
Opinion delivered by Justice Garcia.
Justices Carlyle and Smith
participating.

In accordance with this Court's opinion of this date, the trial court's order is
**AFFIRMED**.

It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered February 25, 2022.