ACCEPTED
15-24-00133-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
3/19/2025 4:49 PM
CHRISTOPHER A. PRINE
CLERK

No. 15-24-00133-CV

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
3/19/2025 4:49:07 PM
CHRISTOPHER A. PRINE
Clerk

IN THE FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS

Insight Investments, LLC,

*Appellant,*

v.

Stonebriar Commercial Finance LLC,

*Appellee.*

On Appeal from the 380th District Court, Colin County, Texas Trial Court Cause No. 380-06242-2022 Honorable Benjamin N. Smith, presiding

## REPLY IN SUPPORT OF APPELLEE'S MOTION TO VACATE AND TRANSFER

LeElle B. Slifer
State Bar No. 24074549
Newman Nahas
State Bar No. 24091576
Dylan French
State Bar No. 24116393
WINSTON & STRAWN LLP
2121 North Pearl St., Ste 900
Dallas, Texas 75202
Telephone: (214) 453-6500
Facsimile: (214) 453-6400
lslifer@winston.com
dfrench@winston.com
*Attorneys for Plaintiff/Appellee*
*Stonebriar Commercial Finance LLC*

This Court should vacate its January 24, 2025 Order, and Appellant's Response does not show otherwise. The Response does not dispute that an order issued by a court without jurisdiction is void *ab initio.* The Response also concedes this Court is prohibited from deciding this appeal. Yet, the Response maintains that this Court still somehow had jurisdiction to review the Trial Court's supersedeas ruling. Unsurprisingly given the incoherence of this position, the Response's arguments all fail.

*First*, the Response incorrectly asserts that the prohibition against this Court deciding this appeal is not jurisdictional. Appellant cites *Tex. Disposal Sys. Landfill, Inc. v. Travis Cent. Appraisal District*, but that case undermines rather supports its assertion because it concerned a restriction that parties could waive by agreement. 694 S.W.3d 752, 759-760 (Tex. 2024). That is not the case here. *See Kelley v. Homminga*, 2025 WL 826530, at *4 (Tex. Mar. 14, 2025) ("The "properly filed" cases cannot be transferred out, while the "inappropriately filed" cases *must be*.") (emphasis added). Here, the restriction on this Court deciding this appeal arises from the nature of the subject matter and thus cannot be cured by agreement of the parties.

Accordingly, since this Court lacks the power to decide this appeal, it was also without jurisdiction to review the Trial Court's supersedeas ruling. "The rules provide for review of the trial court's ruling on the bond as part of the appeal from the final judgment in the case." *Transcon. Realty Invs., Inc. v. Orix Cap. Markets LLC,* 470 S.W.3d 844, 848 (Tex. App. 2015). When, as here, there is a final judgment and the court lacks jurisdiction to review the final judgment, it is also without jurisdiction to review an order superseding it. The two go hand-in-hand. *See Gailey v. Gutierrez,* No. 01-12-00491-CV, 2013 WL 127557, at *1 (Tex. App. Jan. 10, 2013) ("The record shows that the trial court signed the final judgment in this case on February 16, 2010. Appellants did not appeal the final judgment. Because there is not a pending appeal from the final judgment in this case, *we do not have jurisdiction to review the trial court's order striking appellants' supersedeas bond*.") (emphasis added).

*Second*, Appellant unsoundly suggests that because the *Patrick Kelley* decision agreed that this Court has state-wide jurisdiction, it follows that this Court must have jurisdiction to review the Trial Court's supersedeas ruling here.[1] But this is a sleight of hand, and a poor one at

---

[1] *Compare Patrick Kelley*, 2025 WL 826530, at *3 ("We agree the Fifteenth Court has jurisdiction over civil cases appealed from every county") *with id.* ("But this

that.  As the *Patrick Kelley* decision proceeds to clarify, that state-wide jurisdiction is confined to "**certain** civil cases," not **all** civil cases.  *Patrick Kelley,* 2025 WL 826530, at *3 (emphasis added); *id.* at *4 ("'properly filed'" appeals must have a narrower meaning than all civil appeals").  Here, Appellant's case is not among the "certain civil cases" that this Court has jurisdiction to hear.  So, the language to which Appellant points is simply irrelevant.  The fact that this Court could have had jurisdiction over a *different case* arising out of Collin county, hardly means it has jurisdiction in *this case*.

Indeed, Appellant's position here would entail the absurd result that any appellant involved in any civil matter anywhere in Texas may come to the Fifteenth Court to obtain review of a supersedeas order, irrespective of whether this Court may decide the appeal.  This is contrary to Texas law.  *See Standiford v. CitiMortgage, Inc.*, 2015 WL 5097113, at *1 (Tex. App. Aug. 28, 2015) ("Because there is not a pending appeal from the judgment in this case, we do not have jurisdiction to review the county court's order setting supersedeas bond.")

---

jurisdictional premise alone does not establish that the Legislature intended to grant every civil appellant the option of litigating in the Fifteenth Court. To the contrary, several textual clues indicate that this is not what the Legislature intended at all")

*Finally*, Appellant unsoundly suggests that the mere fact that this Court is authorized to transfer this appeal means it therefore had jurisdiction to issue the January 24, 2025 Order. This flips the reasoning of *Patrick Kelley* on its head. The fact that this Court can (and must) transfer this appeal does mean it therefore has jurisdiction to do other things. To the contrary, it is precisely because this Court lacks jurisdiction to do anything else that it is required to transfer. *Id.* at *4 ("When appeals regarding matters falling outside *this jurisdiction* are noticed to the Fifteenth Court, they are 'inappropriately filed' and must be transferred.") (emphasis added). Thus, any actions other than transfer (such as ruling on a supersedeas order) are outside of this Court's authorized jurisdiction and thus void.

Accordingly, for these reasons and those set forth in Stonebriar's initial Motion, which are wholly unrebutted by Appellant's Response, this Court should vacate its January 24, 2025 Order.

Dated: March 19, 2025

/s/Newman Nahas
LeElle Slifer
State Bar No. 24074549
Newman Nahas
State Bar No. 24091576
Dylan French
State Bar No. 24116393
WINSTON & STRAWN LLP

4

2121 North Pearl St., Ste 900
Dallas, Texas 75202
Telephone: (214) 453-6500
Facsimile: (214) 453-6400
lslifer@winston.com
nnahas@winston.com
dfrench@winston.com

*Attorneys for Plaintiff/Appellee Stonebriar Commercial Finance LLC*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served on March 19, 2025 to all counsel of record via E-Filing.

/s/ Newman Nahas
Newman Nahas

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Lucy Fowler on behalf of Newman Nahas
Bar No. 24091576
LFowler@winston.com
Envelope ID: 98658008
Filing Code Description: Other Brief
Filing Description: REPLY IN SUPPORT OF APPELLEES MOTION TO VACATE
Status as of 3/19/2025 4:53 PM CST

Associated Case Party: Stonebriar Commercial Finance, LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Dylan French | | dfrench@winston.com | 3/19/2025 4:49:07 PM | SENT |
| LeElle Slifer | | lslifer@winston.com | 3/19/2025 4:49:07 PM | SENT |

Associated Case Party: Insight Investments, LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| LeElle Slifer | 24074549 | lslifer@winston.com | 3/19/2025 4:49:07 PM | SENT |
| Rachel H.Stinson | | stinson@wrightclosebarger.com | 3/19/2025 4:49:07 PM | SENT |
| Thomas C.Wright | | wright@wrightclosebarger.com | 3/19/2025 4:49:07 PM | SENT |
| Kyle Steingreaber | | steingreaber@wrightclosebarger.com | 3/19/2025 4:49:07 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Houston Docketing | | ecf_houston@winston.com | 3/19/2025 4:49:07 PM | SENT |
| Newman Nahas | | NNahas@winston.com | 3/19/2025 4:49:07 PM | SENT |