**Opinion issued December 4, 2025.**



**In the**

# Court of Appeals

**for the**

# First District of Texas

———————————

**NO. 01-23-00969-CV**

———————————

**MARY VELA AKA MARY NAVA, Appellant**

**v.**

**SHAFAII INVESTMENTS LTD. C/O RAJ SHARAII, Appellee**

---

**On Appeal from the County Civil Court at Law No. 2**
**Harris County, Texas**
**Trial Court Case No. 1190335**

---

**MEMORANDUM OPINION**

Appellant Mary Vela (Vela), also known as Mary Nava, contends that the trial court erred in granting a motion filed by appellee Shafaii Investments Ltd. c/o Raj Sharaii (Shafaii Investments) to increase the amount of her supersedeas bond. The supersedeas bond at issue was entered by the trial court as part of a final

judgment that this Court affirmed in *Vela v. Shafaii Investments, Ltd.*, No. 01-23-00065-CV, 2024 WL 3056641 (Tex. App.—Houston [1st Dist.] June 20, 2024, no pet.) (mem. op.) (*Vela I*). Vela did not file in *Vela I* a motion under rule 24.4(a) of the Texas Rules of Appellate Procedure to review the amount of security set by the trial court. For that reason, we dismiss this appeal for want of jurisdiction.

In *Vela I*, Vela appealed from the trial court's November 1, 2022 final judgment. We affirmed that judgment on June 20, 2024. In this separate appeal, filed on December 28, 2023, Vela seeks our review of the trial court's December 7, 2023 post-judgment order granting a motion by Shafaii Investments, under rule 24.3(a)(2) of the Texas Rules of Appellate Procedure, to increase the amount of Vela's supersedeas bond.

This Court "may review" any or all of the "sufficiency or excessiveness of the amount of security" set by the trial court, the "sureties on any bond," the "type of security," and the trial court's "exercise of discretion under Rule 24.3(a)." TEX. R. APP. P. 24.4(a)(1), (2), (3), (5); *see also* TEX. CIV. PRAC. & REM. CODE § 52.006(d) ("An appellate court may review the amount of security as allowed under Rule 24, Texas Rules of Appellate Procedure . . . ."). However, rule 24.4(a) provides that a party may seek that review "***by motion** filed in the court of appeals **with jurisdiction or potential jurisdiction over the appeal from the judgment in the case**.*" (Emphasis added.) Rule 24.4(a) provides for review of the trial court's

ruling on the bond as part of the appeal from the final judgment in the case. *Transcon. Realty Inv'rs, Inc. v. Orix Capital Markets LLC*, 470 S.W.3d 844, 848 (Tex. App.—Dallas 2015, no pet.) (citing *Gailey v. Gutierrez*, No. 01-12-00491-CV, 2013 WL 127557, at \*1 (Tex. App.—Houston [1st Dist.] Jan. 10, 2013, no pet.) (mem. op.) (per curiam)). Neither rule 24.4 nor section 52.006 provides an independent basis for appellate jurisdiction. *Id.*

Here, Vela did not file a rule 24.4(a) motion in *Vela I*, her appeal from the final judgment in the case. It thus appears that we do not have jurisdiction to review the trial court's December 7, 2023 order. *See Orix Capital*, 470 S.W.3d at 848 (dismissing appeal under rule 24.4(a) and section 52.006(d) for lack of jurisdiction because appellant "did not initiate its attempt to obtain review of the trial court's ruling . . . by filing a motion in its appeal of the related final judgment of the trial court" and, instead, "filed a separate appeal"); *see also Gailey v. Gutierrez*, 2013 WL 127557, at \*1 (mem. op.) (dismissing appeal under rule 24.4(a) because, where appellants did not timely appeal from trial court's final judgment, court of appeals had no jurisdiction to review subsequent appeal from trial court's post-judgment order impacting their supersedeas bond).

On November 6, 2025, we ordered Vela to file within 10 days of the date of the order a written response demonstrating, with citation to law and the record, that this Court has appellate jurisdiction over this appeal despite her failure to (a) file a

3

motion under rule 24.4(a) and (b) do so in *Vela I*. We noted in our November 6, 2025 order that a failure by Vela to respond would result in dismissal of the appeal for lack of jurisdiction. *See* TEX. R. APP. P. 42.3(a), 43.2(f). Vela did not adequately respond.

Accordingly, we hold that, because Vela failed to file a motion under rule 24.4(a) in *Vela I*, we do not have jurisdiction to hear this appeal. We dismiss this appeal for want of jurisdiction.

**PER CURIAM**

Panel consists of Justices Guerra, Guiney, and Johnson.